Douglas A. THIBODEAUX, Appellant,

v.

SPRING WOODS BANK, Appellee.

SPRING WOODS BANK, Appellant and Cross–Appellee,

v.

Douglas A. THIBODEAUX and Douglas A. Thibodeaux, M.D., P.A., Appellees and Cross–Appellants.

Nos. B14–86–00656–CV, B14–87–00127–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 25, 1988.

857

Lonnie B. Davis, Lane D. Thibodeaux, Houston, for appellant.

Richard L. Rothfelder, A. Andrew Gallo, Martha B. Lawley, Houston, for appellee.

Loyd H. Wright, William Van Fleet, Houston, for appellant and cross-appellee.

Lonnie B. Davis, Houston, for appellees and cross-appellants.

Before MURPHY, CANNON and ELLIS, JJ.

OPINION

MURPHY, Justice.

This case is a consolidation of two appeals. Spring Branch Bank sued Dr. Douglas A. Thibodeaux for a deficiency under two promissory notes and several guaranties executed by the doctor. In his answer, Dr. Thibodeaux denied liability, claiming that he signed the notes as an agent of Allen Williams Builders, Inc., and that the bank never funded the loans in question. In addition, the doctor counterclaimed alleging wrongful foreclosure, misrepresentation, fraud, conversion, breach of contract, malice, and deceptive trade practices, praying for punitive damages ten times actual damages. A third party, a professional association owned by Dr. Thibodeaux, Douglas A. Thibodeaux, M.D., P.A., intervened with claims against the bank, alleging that the bank had repossessed an automobile belonging to the professional association and had withdrawn funds from its pension fund account and checking account without authorization. The bank cross-claimed against the doctor for indemnity for any sums it might be ordered to pay the professional association that had been credited to the doctor as set-off on the promissory notes.

The bank moved for summary judgment on its claims against the doctor, offering as summary judgment proof copies of the notes, deeds of trust, guaranties, substitute trustee deeds, deposition testimony of Dr. Thibodeaux, and the affidavit of a bank officer, Mr. Bryan Peska. The trial court granted the motion and severed the counterclaims of Dr. Thibodeaux and his professional association. From the grant of summary judgment Dr. Thibodeaux brought the first of these consolidated appeals.

The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548 (Tex.1985). Where the plaintiff is the movant, it must show it is entitled to prevail on each element of its cause of action, except damages. Tex.R. Civ.P. 166a(a). To establish Dr. Thibo-

deaux's liability, the bank had to show the existence of the notes, that Dr. Thibodeaux signed the notes, that the bank legally owned and held the notes, that default occurred, and that a certain balance remained due and owing. *Daniell Motor Co., v. Northwest Bank,* 713 S.W.2d 808, 811–12 (Tex.App.—Fort Worth 1986, no writ); *Clark v. Dedina,* 658 S.W.2d 293, 295 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd).

The summary judgment proof offered by the bank demonstrates the following sequence of events:

September 15, 1983: Dr. Thibodeaux executed a guarantee agreement for a note signed by K.J. Vanderdoes for the sum of $10,000.

October 4, 1983: Dr. Thibodeaux executed a guarantee agreement for a note signed by K.J. Vanderdoes for the sum of $15,000.

January 17, 1984: Dr. Thibodeaux executed a promissory note for the sum of $115,000 providing for maturity on demand or, if the bank made no demand, 180 days after the date of execution.

August 22, 1984: Dr. Thibodeaux executed a promissory note for the sum of $390,000, providing that "both principal and all interest ... shall be due and payable on or before 180 days after the date [of execution]". This note contained a provision that upon default under any other indebtedness "now or hereafter owing to the holder by any maker, endorser, surety, or guarantor ... the entire unpaid principal balance of this note and all interest then accrued hereon shall immediately be due and payable...."

In his affidavit Mr. Peska, the bank officer, testified that Spring Branch Bank was the legal owner and holder of the notes and testified as to the amount due, owing, and unpaid on the first and second promissory notes, including principal, interest, and attorneys' fees, after the foreclosure sales were credited. During his deposition Dr. Thibodeaux admitted that he had signed the notes in his capacity as an individual, not as a representative, that both the $115,-000 loan and the $390,000 loan had been funded, that they remained unpaid, and that demand had been made.

The proof brought forward by the bank established its right to summary judgment. The burden then shifted to Dr. Thibodeaux to present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The summary judgment hearing was set for May 12, 1986. The Texas Rules of Civil Procedure provide that "[e]xcept on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response." Tex.R.Civ.P. 166a(c). Thus, as the adverse party, Dr. Thibodeaux was required to serve and file opposing affidavits or other written response not later than May 5, 1986, or to obtain leave of court for a later service and filing. Dr. Thibodeaux's response was filed on May 2, 1986, and the certificate of service recites that it was served on opposing counsel on that same day. The bank, however, did not receive the response until May 8, three days after Dr. Thibodeaux's deadline for responding. Despite the recitations in the certificate of service to the contrary, the postmark showed the response was not mailed until May 6. It is within the discretion of the trial court to allow late filing or service; however, the record must affirmatively indicate such acceptance. *Nava v. Steubing,* 700 S.W.2d 668, 670 (Tex.App.— San Antonio 1985, no writ).

 Nothing in the record specifically reflects that the trial court granted leave to serve the late response or considered the response. In the absence of expressed permission from the trial court, we must presume that it did not consider the response in rendering summary judgment for the bank. *INA of Texas v. Bryant,* 686 S.W.2d 614, 615 (Tex.1985). Such refusal is not an abuse of discretion. *Id.* at 615. The bank did not waive the late service; it was expressly brought to the trial court's attention in the bank's reply to the response. We therefore hold that the contentions raised by Dr. Thibodeaux in his appeal

were not before the trial court. Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. Tex.R.Civ.P. 166a(c). The trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. All points of error appealing the grant of summary judgment are overruled.

We turn now to the second appeal. During the trial on the merits of the severed claims, counterclaims, and cross-claims, the trial court entered a directed verdict for the bank on Dr. Thibodeaux's claims of wrongful foreclosure and breach of contract. After trial the jury answered all special issues on the doctor's remaining claims of fraud, conversion, misrepresentation, and deceptive trade practices favorably to the bank against Dr. Thibodeaux. The jury found for the professional association on its claims that the bank wrongfully possessed its automobile and bank accounts, awarding actual and punitive damages. In its judgment, the trial court acknowledged the bank's claim for indemnity against Dr. Thibodeaux and awarded the bank an amount equal to the actual damages found to be owing the professional association because the doctor had been allowed a set off against the promissory notes for the value of the automobile and the amounts taken from the accounts.

Dr. Thibodeaux appeals from the take nothing judgment entered by the trial court on his claims against the bank and from the award to the bank on its claim for indemnity. The bank appeals the judgment ordering it to pay actual and punitive damages to the professional association for seizing the bank accounts and the automobile. Finally, the professional association cross-appeals, praying that this court enter judgment for an amount larger than the actual damages found by the jury. One point of error, raised by Dr. Thibodeaux in his appeal from the take nothing judgment, requires that we reverse and remand the entire case to the trial court for new trial.

In his fourth point of error, Dr. Thibodeaux contends that the trial court erred in denying discovery of certain documents and that the error prohibited him from effectively preparing for trial. Dr. Thibodeaux sought production of numerous documents, including all documents which obligated Dr. Thibodeaux to pay loans and interest on loans to the bank, all microfilms of all loan transactions for the period of January 1 to January 20, 1985, and the book in which bank employee Jackie Hebert recorded documents she had notarized. When these documents and microfilms were not produced, the court entered its order to compel production. The bank responded that it had produced every document related to its loans to Dr. Thibodeaux and that it had no record book of documents notarized by Ms. Hebert. It sought the protection of the court with respect to the microfilm of loan transactions. The bank based its protection request on grounds that the records contained the confidential information of other bank customers and that the request was unduly burdensome. Dr. Thibodeaux moved for sanctions requesting the court conduct an *in camera* inspection of the microfilm. The court denied the request.

In support of his claim that he had signed a consolidation loan, Dr. Thibodeaux offered two documents, a deed of trust and security agreement and a homestead affidavit. Both had been signed by Dr. Thibodeaux and notarized by the bank's employee Jackie Hebert on January 11, 1985. Both referred to a loan for $500,327 to the doctor. The deed of trust specifically described the indebtedness as a promissory note of "even date, ... maturing one year after the date hereof with interest being due and payable semi-annually beginning July 11, 1985 and at maturity." The bank insisted that although these documents were prepared in anticipation of a consolidation note, such a note was never executed by Dr. Thibodeaux. The bank claims that he took the note, unexecuted, to show his attorney and failed to return it. The bank further contends that it could not produce the consolidation note because it has never existed in operative form.

**860**

We agree with Dr. Thibodeaux that the trial court erred in denying discovery of certain documents, specifically, the court erred in refusing to order an *in camera* inspection of the bank's microfilm of loans for the defined period. In responding to an appropriate discovery request, the burden is on the party seeking to avoid discovery to demonstrate why its records should not be discovered. Tex.R. Civ.P. 166b(4) (Vernon 1984); *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex.1987). In *Garcia v. Peeples*, the supreme court stated that protection sought under rule 166b(4) (where, as here, the basis for denial is a claim of undue burden, unnecessary expense, harassment, or invasion of personal, constitutional, or property rights), differs from that situation where one asserts a claim of privilege to prevent discovery. An *in camera* inspection is not mandatory for a claim not based upon privilege as long as there is sufficient other proof satisfying the personal knowledge and identification of facts requirements. *Garcia*, 734 S.W.2d at 345. But here, the bank's motion for protective order was unsupported by an affidavit based on personal knowledge. The record does not reflect whether the motion was ever ruled upon, only that Dr. Thibodeaux's motion for sanctions, including a request for an *in camera* inspection, was denied. The existence of a newly executed mortgage is a strong indication that a new debt has been simultaneously incurred. Once Dr. Thibodeaux established by the deed of trust and homestead affidavit the possible existence of a consolidation note, an *in camera* inspection should have been ordered. The privacy of the bank's customers would have been fully protected by the court while allowing Dr. Thibodeaux his right to establish the existence or nonexistence of the vital document among the bank's records. We hold that under such circumstances, the trial court abused its discretion in denying discovery without an *in camera* inspection of the documents. We sustain Dr. Thibodeaux's fourth point of error.

This point of error is dispositive of the combined appeals from trial. If the consolidation note were found to exist, its terms would be crucial to the establishment of Dr. Thibodeaux's claims and could be a serious impediment to the bank's position that it was justified in closing the accounts of the professional association and in repossessing the automobile. The issues of the claims, counterclaims, and cross-claims of the doctor, the bank, and the professional association are inextricably intertwined. Accordingly, we reverse the judgment of the trial court and remand all issues of all parties for further proceedings consistent with this opinion.