**FIRST GIBRALTAR BANK, FSB, Appellant,**

v.

**Raymond B. FARLEY and E.J. Tanquist, Jr., Appellees.**

No. 04–93–00752–CV.

Court of Appeals of Texas, San Antonio.

Jan. 31, 1995.

Rehearing Denied March 1, 1995.

Stephan B. Rogers, Akin, Gump, Strauss, Hauer & Feld, L.L.P., San Antonio, for appellant.

Bruce Robertson, Jr., San Antonio, for appellees.

Before BUTTS,[1] RICKHOFF and HARDBERGER, JJ.

## OPINION

HARDBERGER, Justice.

This is an appeal from a summary judgment on a suit to recover a deficiency on a promissory note. First Gibraltar originally filed suit against Tanquist and Farley to collect the deficiency. Both parties moved for summary judgment which was granted to

---

1. Justice Shirley W. Butts not participating.

Farley and Tanquist. First Gibraltar now appeals.

### Factual and Procedural Background

On November 30, 1972, Casa de Madre Limited, a limited partnership, executed a real estate lien note of $775,000.00 to Corpus Christi State National Bank. The payment of this deed of trust was secured by real property owned by Casa Madre Limited. Raymond B. Farley and E.J. Tanquist, Jr., were both general partners of Casa de Madre Limited. On June 7, 1974, a new note and deed of trust was executed in renewal and extension of the original note and deed of trust.

Also on June 7, 1974, Corpus Christi State National Bank transferred the first note to Corpus Christi Savings & Loan Association, which held the 1974 note renewing and extending the original note.

The Federal Home Loan Bank authorized, on September 12, 1972, that the stock of Corpus Christi Savings & Loan would be sold to the 8.8 Corporation. The 8.8 Corporation was a wholly-owned subsidiary of Oak Cliff Savings & Loan Assoc.

Following the stock acquisition by the 8.8 Corporation, Corpus Christi Savings & Loan continued to operate under that name until July 1, 1978, when it was merged into First Texas Savings Association. First Texas Savings Association later became insolvent and the assets were transferred to First Texas Bank, FSB. First Texas Bank became insolvent and was acquired by FSLIC. The FSLIC transferred all of the assets to First Gibraltar Bank which later changed its name to First Madison Bank.

Casa de Madre Apartments Limited defaulted on its promissory notes. First Gibraltar alleges that it made a demand for cure of the default and that it sent notice of acceleration and sale of the property. The real property securing the note was foreclosed and sold on May 2, 1989 to First Gibraltar leaving $259,965.45 remaining due on the note.

First Gibraltar brought suit against Farley and Tanquist for the deficiency. First Gibraltar filed its motion for summary judg-

ment alleging that it was entitled to the deficiency as a matter of law. Tanquist and Farley filed a response to First Gibraltar's motion and then filed their own motion for summary judgment alleging that First Gibraltar had judicially admitted that it did not own the note, or at the very least could not show an unbroken chain of title based on the bank's summary judgment affidavits. First Gibraltar did not file a timely response to Farley and Tanquist's summary judgment motion.

The court granted Farley and Tanquist's motion for summary judgment. After the court signed the summary judgment and severed it from the rest of the case, First Gibraltar filed a motion for new trial and a motion for leave to file supplemental affidavits in support of the motion for new trial. The trial court allowed the filing of supplemental affidavits but overruled the motion for new trial.

### Ownership of the Note

In its first two points of error, First Gibraltar contends that the trial court erred in granting Tanquist and Farley summary judgment because a material fact issue exists concerning ownership of the note. In its third point of error, First Gibraltar complains that the trial court erred in failing to grant its motion for summary judgment.

To recover from Farley and Tanquist on the note, First Gibraltar was required to show the existence of the note and guaranty, the debtor signed the guaranty, the bank legally owned or held the note and guaranty, that a default occurred on the note and guaranty, and that a certain balance remained due and owing. *Thibodeaux v. Spring Woods Bank*, 757 S.W.2d 856, 858 (Tex. App.—Houston [14th Dist.] 1988, no writ). Farley and Tanquist's motion for summary judgment alleged that the evidence conclusively proved that First Gibraltar did not own the note in question.

■ Because First Gibraltar failed to file a timely response to Farley and Tanquist's motion for summary judgment, the only issue presented is whether Farley and Tanquist's motion is legally insufficient to support a

summary judgment. First Gibraltar is not precluded from arguing that Farley and Tanquist's summary judgment evidence raises issues of material fact. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); *Nava v. Steubing,* 700 S.W.2d 668, 671 (Tex.App.—San Antonio 1985, no writ). When reviewing summary judgments this court applies the well known standard that the evidence in favor of the non-movant will be taken as true and that all reasonable inferences drawn from the evidence will be indulged in favor of the non-movant. *Rodriguez v. Naylor Ind., Inc.,* 763 S.W.2d 411, 413 (Tex.1989).

■ Tanquist and Farley's motion for summary judgment was based on the affidavit of Kathy Love, Assistant Asset Manager for First Gibraltar. Love's affidavit was also the primary summary judgment evidence upon which First Gibraltar was relying in its motion for summary judgment. In her affidavit, Love makes the following statements:

As the First Madison Bank, FSB employee charged with the responsibility for supervising the collection of the Note and the payment history with respect to the Note. The Note is one of the assets which was transferred to First Madison Bank (f/k/a First Texas Bank) by the Federal Savings and Loan Insurance Corporation ("FSLIC") as Receiver for First Texas Savings Association ("First Texas Savings") f/k/a Oak Cliff Savings and Loan Association ("Oak Cliff") as successor by acquisition to Corpus Christi Savings and Loan Association.

The documents attached as Exhibits "G" and "H" and incorporated herein by reference are true and correct copies of the (i) Federal Home Loan Bank Board Resolution # 72–1072 authorizing the acquisition by Oak Cliff Savings of Corpus Christi Savings; (ii) Order and Amended Order by the Savings and Loan Commissioner of the State of Texas approving the name change from Oak Cliff Savings to First Texas Savings Association.

The Love affidavit states that First Gibraltar's title and ownership of the note were derived by and through Oak Cliff Savings and Loan Association as successor to the Corpus Christi Savings and Loan. Attached as exhibit G to the Love affidavit is a copy of the Federal Home Loan Bank Board document dated September 12, 1972, which recites an acquisition of "Corpus Christi Savings & Loan Association's" stock by the 8.8 Corporation, a subsidiary of Oak Cliff Savings and Loan Association. According to Tanquist and Farley title to the note stopped in the Corpus Christi Savings and Loan Association. They say the acquisition of that association's stock by the 8.8 Corporation could not have transferred the association's title to the note, deed of trust and guaranty to Oak Cliff Savings and Loan Association. First Gibraltar did not respond to Farley and Tanquist's motion for summary judgment and thus did not attempt to explain this apparent gap in the title.

As previously noted, First Gibraltar's failure to file a response does not preclude it from arguing that the evidence was insufficient as a matter of law to support the summary judgment. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d at 678. First Gibraltar directs our attention to the portion of the Love affidavit which states that "First Madison (f/k/a First Gibraltar) is the current owner and holder of the Notes and Deeds of Trust...." This is an unequivocal statement of ownership of the note. Furthermore, a true and correct photocopy of the note was attached to the affidavit as an exhibit.

■ Testimony in an affidavit that a particular person or entity owns a note is sufficient to conclusively establish ownership even in the absence of supporting documentation if there is no controverting summary judgment evidence. *Christian v. University Federal Savings,* 792 S.W.2d 533, 534 (Tex. App.—Houston [1st Dist.] 1990, no writ). A photocopy of a note attached to the affidavit of the holder, who swears that it is a true and correct copy of the note, is sufficient as a matter of law to prove the status of owner and holder of a note absent controverting summary judgment evidence. *Zarges v. Bevan,* 652 S.W.2d 368, 369 (Tex.1983). It is also true that an issue of material fact is present on the issue of ownership of a note when there is an unexplained gap in the

chain of title. *See, e.g., Dillard v. NCNB Texas Nat. Bank,* 815 S.W.2d 356, 359–361 (Tex.App.—Austin 1991, no writ); *Jernigan v. Bank One, Texas, N.A.,* 803 S.W.2d 774, 777 (Tex.App.—Dallas 1991, no writ). In this case, the Love affidavit is internally inconsistent. On the one hand, Love testifies that First Gibraltar is the lawful owner of the note and title was derived through Oak Cliff Savings and Loan Association. However, Love's affidavit shows that title to the note may have stopped at the 8.8 Corporation. Love's affidavit does not explain or show how title passed from the 8.8 Corporation to Oak Cliff Savings and Loan Association. Love's affidavit does not conclusively establish either First Gibraltar's ownership or non-ownership. Due to its internal inconsistencies it is inconclusive and thus a fact issue is presented concerning ownership of the note.

In its third point of error First Gibraltar complains that the trial court erred in failing to grant its motion for summary judgment. Farley and Tanquist argue that First Gibraltar's motion for summary judgment is not properly before this court because a hearing was never held on the motion and an order has not been entered disposing of the motion. However, in light of our holding that Love's affidavit creates a fact issue on ownership, there is no reason to reach the issue of whether First Gibraltar's motion for summary judgment is properly before this court. Assuming for arguments sake that it is, First Gibraltar gains nothing in light of our holding that Love's affidavit creates a material issue of fact.

### Notice to Tanquist

■ Our holding that the Love affidavit creates a fact issue does not end our inquiry concerning Tanquist. In Farley and Tanquist's motion for summary judgment, Tanquist alleges that he did not receive proper notice of the acceleration of the note and sale of the property. The summary judgment does not specify the ground upon which it is based. If a summary judgment does not specify the ground relied upon for its ruling, the summary judgment must be affirmed if any of the theories expressly presented to the court are meritorious. *See, e.g., Farias v. Bexar County Bd. of Trustees,* 856 S.W.2d 218, 222 (Tex.App.—San Antonio 1993, writ denied).

Love, in her affidavit, states that on December 13, 1988, First Gibraltar sent by certified mail, return receipt requested, its notice of acceleration and sale to Tanquist at his last known address. The December 13, 1988 notice letter was returned to First Gibraltar with a notation that the forwarding address of Tanquist had expired.

The Love affidavit further states that the substitute trustee's sale was to have been held pursuant to the December 13, 1988 notice letter was not held. On April 11, 1989, First Gibraltar sent by certified mail a new notice of acceleration and sale to Case de Madre Apartments, Ltd. and to all guarantors except for Tanquist. Love states that the reason Tanquist was not sent a notice letter was because First Gibraltar did not have a current address for him.

Article 51.002(b) of the Texas Property provides in relevant part:

(b) Notice of the sale, which must include a statement of the earliest time at which the sale will occur, must be given at least 21 days before the date of the sale;

.    .    .    .    .

(3) by the holder of the debt to which the power of sale is related serving written notice of the sale by certified mail on each debtor who, according to the records of the holder of the debt, is obligated to pay the debt.

Tex.Prop.Code Ann. § 51.002(b)(3) (Vernon Supp.1993).

Tanquist argues that First Gibraltar failed to give him notice of the sale. First Gibraltar responds that it complied with section 51.002. First Gibraltar sent Tanquist a notice letter on December 13, 1988 to the only address it had for him. That letter was returned by the postal service with the notation that the forwarding address of Tanquist had expired. According to First Gibraltar, as of April 11, 1989, it had no known address of Tanquist and thus was not required to send a notice letter.

"Service of a notice [of trustee sale] by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address as shown by the records of the holder of the debt." TEX.PROP. CODE ANN. § 51.002(e) (Vernon Supp.1993).

After reviewing Love's affidavit in light of the summary judgment standard on review, we conclude that Tanquist did not prove as a matter of law that First Gibraltar failed to comply with Property Code section 51.002. *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). A reasonable inference can be drawn from the affidavit that First Gibraltar made a good faith effort to comply with the notice provision, but that as of April 11, 1989 the Bank had no "known address" for Tanquist. In fact, under the evidence, it is reasonable to infer that all First Gibraltar had was an address which it knew was not Tanquist's address. We hold that a genuine material fact exists on the issue of First Gibraltar's compliance with section 51.002 of the Property Code.

Therefore, we sustain First Gibraltar's first and second points of error and overrule its third point.

### Denial of Motion for New Trial

 In its fourth and final point of error, First Gibraltar argues that the trial court abused its discretion in denying its motion for new trial based upon newly discovered evidence. First Gibraltar sought to introduce supplemental affidavits of Love, and Hubble, the bank's attorney. The supplemental affidavit was allegedly offered to clarify the original affidavit and show more clearly the complete chain of title.

When a motion for new trial has been filed after the entry of summary judgment, a court may consider only the record as it existed prior to the granting of the summary judgment. A trial court, when considering the motion for new trial, does not abuse its discretion by refusing to consider proof filed after the rendition of a summary judgment. *See, e.g., White v. Wah,* 789 S.W.2d 312, 320 (Tex.App.—Houston [1st

Dist.] 1990, no writ); *Chapman v. Mitsui Eng'g & Shipbuilding Co., Ltd.,* 781 S.W.2d 312, 315 (Tex.App.—Houston [1st Dist.] 1989, no writ); *Hill v. Milani,* 678 S.W.2d 203, 205 (Tex.App.—Austin 1984), *aff'd,* 686 S.W.2d 610 (Tex.1985). The trial court in this case did not abuse its discretion in denying First Gibraltar's motion for new trial. We overrule appellant's fourth point of error.

The judgment is reversed and remanded.