Edwayne G. **PRIESMEYER,** Appellant,

v.

**PACIFIC SOUTHWEST BANK, F.S.B.,** Appellee.

No. 03–95–00297–CV.

Court of Appeals of Texas, Austin.

March 13, 1996.

Susan J. Haney, Von Kreisler & Swanson, P.C., Austin, for appellant.

William L. Mennucci, Brown McCarroll & Oaks Hartline, Austin, for appellee.

Before POWERS, ABOUSSIE and KIDD, JJ.

PER CURIAM.

Appellant Edwayne G. Priesmeyer appeals the grant of summary judgment in favor of appellee Pacific Southwest Bank, F.S.B. We will reverse the trial-court judgment.

On December 31, 1984, Thomas and Myrna Kielman executed a $400,000.00 note payable to Southwest Security Financial Corporation ("Southwest"). On January 7, 1985, Southwest conveyed its interest in the note and deed of trust to Independence Savings and Loan Association ("Independence"). On October 4, 1985, Priesmeyer assumed the Kielman's obligations under the note and deed of trust pursuant to an assumption agreement executed by Priesmeyer, the Kielmans, and Independence. On November 17, 1987, Independence and Priesmeyer renewed, extended, and modified the terms of the original note and deed of trust by virtue of a contract of renewal and extension.

On December 29, 1988, Independence failed and the Federal Savings and Loan Insurance Corporation ("FSLIC") was appointed its receiver. That same day, Pacific Southwest Bank ("Pacific") acquired substantially all of Independence's assets by a trans-

fer and assignment agreement executed by Pacific and by the FSLIC as receiver for Independence.

The note matured on December 15, 1989, and Priesmeyer defaulted. Pacific foreclosed on the property secured by deed of trust. The foreclosure sale garnered $236,250.00, leaving a net deficiency of $167,373.00. In this cause, Pacific seeks to obtain a judgment against Priesmeyer for the deficiency.

The standard for reviewing a motion for summary judgment is well established: (1) the summary judgment movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

To obtain a summary judgment on the note, Pacific must have proven as a matter of law that it is the note's holder or owner. *Clark v. Dedina*, 658 S.W.2d 293, 295 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd). Pacific is not a "holder" because the note is not indorsed to it. *Lawson v. Finance Am. Private Brands, Inc.*, 537 S.W.2d 483, 485 (Tex.Civ.App.—El Paso 1976, no writ); *compare* Tex.Bus. & Com.Code § 3.201(b) (West Supp.1996) (negotiation of order instrument requires transfer of possession and indorsement). Pacific must therefore prove the transfer by which it acquired the note. *Northwestern Nat'l Ins. Co. v. Crockett*, 857 S.W.2d 757, 758 (Tex.App.—Beaumont 1993, no writ); *Jernigan v. Bank One, Tex., N.A.*, 803 S.W.2d 774, 776–77 (Tex.App.—Houston [14th Dist.] 1991, no writ).

One may prove a note's transfer by testimony rather than by documentation. *Christian v. University Fed. Sav. Ass'n*, 792 S.W.2d 533, 534 (Tex.App.—Houston [1st Dist.] 1990, no writ). However, to obtain a summary judgment, affidavit testimony must affirmatively show that it is based on personal knowledge. Tex.R.Civ.P. 166a(f); *see Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984). The mere recitation that the affidavit is based on personal knowledge is inadequate if the affidavit does not positively show a basis for such knowledge. *Radio Station KSCS v. Jennings*, 750 S.W.2d 760, 761–62 (Tex.1988).

Pacific did not submit any documents showing the transfer of the note from Independence to the FSLIC or from the FSLIC to Pacific, nor could it locate the original note. Pacific based its motion for summary judgment on the affidavit of Barbara Briggs, a senior vice president at Pacific. Briggs averred that Pacific became the owner of the note pursuant to a transfer and assignment agreement executed by the FSLIC as receiver for Independence Savings and Loan Association. The blanket transfer and assignment agreement, a copy of which was attached to Briggs' affidavit, did not list individual notes.

Additionally, in response to Priesmeyer's motion for new trial, Pacific submitted a spreadsheet it prepared in March of 1989, and a second spreadsheet it prepared in October of 1989, both showing that Pacific counted the Priesmeyer note among the assets transferred to it from the FSLIC. Priesmeyer protests that the spreadsheets are not proper summary judgment evidence because they were submitted in response to his motion for new trial rather than with Pacific's motion for summary judgment. We agree. Summary judgment evidence must be submitted, at the latest, by the date summary judgment was rendered. *See, e.g., Leinen v. Buffington's Bayou City Serv. Co.*, 824 S.W.2d 682, 685 (Tex.App.—Houston [14th Dist.] 1992, no writ); *Gandara v. Novasad*, 752 S.W.2d 740, 743 (Tex.App.—Corpus Christi 1988, no writ).[1]

We know from the evidence that Independence failed, that the FSLIC took its assets, and that the FSLIC transferred its

---

1. Further, even if we considered the late-filed evidence, it would not change our disposition of this case. The lack of stated facts upon which personal knowledge was based, and the failure to prove the note's transfer, was not cured by the second affidavit.

assets to Pacific. At issue is whether the Priesmeyer note was among the assets of Independence when it failed.

Briggs testified that the Priesmeyer note was among the assets transferred from the FSLIC to Pacific but did not describe how she personally knew that fact. Indeed, her affidavit is devoid of any facts showing personal knowledge of the note, other than her calculation of interest due. Nor did Briggs state any facts indicating that she personally knew that the note was among the assets of Independence when it went into receivership. We cannot conclude from this evidence that Pacific is the note's owner.

Pacific's reliance on *Christian v. University Fed. Sav. Ass'n,* 792 S.W.2d 533 (Tex. App.—Houston [1st Dist.] 1990, no writ), is misplaced. The *Christian* court held that a vice-president's testimony was sufficient to prove the note's transfer from the failed bank to the FSLIC to the new bank. *Id.* at 534. But, in *Christian,* the record showed that the vice-president had personally been responsible for the note at both the failed bank and at the assignee bank; the issue was not whether he had personal knowledge, but whether he had to prove the transfer by documentary evidence. *Id.* at 534–35. In this case, nothing in the record indicates that Briggs was personally familiar with the note at the failed bank or with its transfer to the FSLIC.

We are also unpersuaded by *Resolution Trust Corp. v. Camp,* 965 F.2d 25 (5th Cir. 1992), which held that the testimony of individuals who did not personally know that the particular note had been transferred was sufficient to establish the Resolution Trust Corporation's (RTC's) right to summary judgment since there was no "legitimate fear" that the RTC was not the holder. *Id.* at 29. *Camp* is not persuasive authority because federal summary judgment practice differs widely from Texas summary judgment practice. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989).

■ In Texas, summary judgments are used merely "to eliminate patently unmeritorious claims and untenable defenses" and "we never shift the burden to the non-movant unless and until the movant has 'established his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law.'" *Casso,* 776 S.W.2d at 556 (*citing City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 n. 5 (Tex.1979)). *Camp* does not technically shift the burden of proof, but rather allows a presumption to be made that a note that was once held by a failed bank was transferred to the FSLIC and then to the new bank, unless something in the record affirmatively suggests that the note may have gone elsewhere.[2] We decline to follow *Camp* because Texas summary judgment procedure requires that we resolve all doubts in favor of the non-movant. *Nixon,* 690 S.W.2d at 548–49. Also, under Texas procedure, the nonmovant is not required to produce evidence to avoid summary judgment unless the movant has proven its case as a matter of law. *McConnell v. Southside Sch. Dist.,* 858 S.W.2d 337, 343 (Tex.1993); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979).

Pacific has not conclusively proven its cause of action because it has not proven, *as a matter of law,* that it is the note's owner. It is especially important that Pacific prove that the note was among the assets transferred to the FSLIC since it could not produce the original note. Further, in contrast to the situation in *Camp,* Priesmeyer's note had not matured when the FSLIC took over Independence's assets; an unmatured note could have been more easily negotiated. *See* Tex.Bus. & Com.Code Ann. § 3.302(a)(2)(C) (West Supp.1996) (creditor is not holder in due course if it had notice that instrument was overdue).

We hold that Pacific did not prove as a matter of law that it was the owner of the note. We sustain point of error one. Given

---

**2.** For example, subsequent federal cases have held that the presumption is destroyed if the failed bank's assets, as a whole, were split among different entities. *See, e.g., Federal Deposit Ins. Corp. v. McCrary,* 977 F.2d 192, 195 (5th Cir. 1992).

this disposition, we do not address Priesmeyer's other point of error. We reverse the trial court judgment and remand the cause to the trial court.