TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00810-CV






Gary C. Franks, Appellant



v.



Dyck-O'Neal, Inc., Appellee






FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. C90-224A, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING 







 Gary C. Franks challenges the summary judgment that Franks owes Dyck-O'Neal,
Inc. the unpaid principal on a promissory note he made. Franks contends the judgment was
erroneous because Dyck-O'Neal failed to prove it owned or held the note and is not entitled to the
special defenses of the Federal Deposit Insurance Corporation. We will reverse the judgment and
remand the cause for further proceedings.

 We review the summary-judgment record to determine whether the movant
established the absence of a genuine issue of material fact and entitlement to judgment as a matter
of law. See Tex. R. Civ. P. 166a(c). The grounds for summary judgment must be in the motion
itself. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 343 (Tex. 1993). Likewise,
the appellant's grounds for reversing the summary judgment must have been presented in the trial
court, except that the appellant may assert on appeal for the first time that the movant did not carry
its burden of proof. Id. Summary judgments "must stand or fall on their own merits, and the
non-movant's failure to answer or respond cannot supply by default the summary judgment proof
necessary to establish the movant's right." Id. (citing City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979)).

 To prevail on its claim, Dyck-O'Neal had to show the existence of the note, that
the debtor signed the note, that the bank legally owned or held the note, that a default occurred
on the note, and that a certain balance remained due and owing. Geiselman v. Cramer Fin.
Group, Inc., 965 S.W.2d 532, 536 (Tex. App.--Houston [14th Dist.] 1997, no writ). If an
instrument is payable to order, a subsequent possessor can be a holder only if the note is indorsed
to the possessor. Priesmeyer v. Pacific Southwest Bank, F.S.B., 917 S.W.2d 937, 939 (Tex.
App.--Austin 1996, no writ). Testimony in an affidavit that a particular person or entity owns
a note can conclusively establish ownership even in the absence of supporting documentation if
there is no controverting summary judgment evidence. Christian v. University Fed. Sav. Ass'n,
792 S.W.2d 533, 534 (Tex. App.--Houston [1st Dist.] 1990, no writ). An unexplained gap in the
chain of title, however, presents an issue of material fact regarding ownership of a note. First
Gibraltar Bank, FSB v. Farley, 895 S.W.2d 425, 428-29 (Tex. App.--San Antonio 1995, writ
denied); see also Priesmeyer, 917 S.W.2d at 939-40.

 Franks concedes most of the elements of the cause of action. He executed a
promissory note in 1983 for $180,000 payable to First Federal Savings & Loan of New Braunfels
("the S&L"). Like many others after the downturn in the state's economy, he defaulted on the
note payments. In 1989, the S&L sent notice of default, accelerated the maturity of the note,
posted the property for trustee's sale, and sold the property for $91,000 to one of its officers. The
S&L then filed this suit for the deficiency.

 The only element Franks challenges is whether Dyck-O'Neal proved it owned or
held the note. Dyck-O'Neal's case hinges on the affidavit of its vice-president and custodian of
its records. He averred as follows:


On July 8, 1983, Gary C. Franks, ("Franks"), executed and delivered the Note in
the original principal amount of $180,000.00 payable to First Federal Savings &
Loan Association of New Braunfels ("First Federal"), as well as a deed of trust.


 * * *



First Federal was placed into receivership and conservatorship by Order No. 90-960 on May 25, 1990, by the Federal Deposit Insurance Corporation ("the
FDIC"). This Order replaced the FDIC with the Resolution Trust Corporation,
("RTC"), as the Conservator/Receiver for First Federal Savings, F.S.A., New
Braunfels, Texas. On July 6, 1992, Dyck-O'Neal, Inc., purchased the asset
represented by the Note by unconditional assignment from the RTC but with none
of the liabilities of First Federal, the FDIC, or the RTC. [] Dyck-O'Neal, Inc, is
the owner and holder of the Note and is entitled to receive all money due under its
terms as reflected by the RTC assignment to it.



This affidavit resembles the one found inadequate to remove any issue of fact regarding chain of
title in Farley. See 895 S.W.2d at 428-29. The affidavit does not explain how the note was
transferred from the S&L to First Federal Savings, F.S.A. ("FSA"), nor does it explain a
connection between those entities that would make a transfer unnecessary. The allegation in the
First Amended Petition that the S&L is "now known as" the FSA is not summary-judgment proof
of that proposition; the record shows only that Dyck-O'Neal claims to have purchased the note
from the conservator of an institution that is different from the institution to which the note was
made payable. Further, the sequence of the FDIC and RTC appointments is uncertain, as is the
ownership of the note through those appointments; the passage regarding Order No. 90-690 is
particularly unclear because it speaks of replacing the FDIC with the RTC even though there is
no previous statement regarding the appointment of the FDIC. The bare assertion of owner and
holder status does not overcome the deficiencies in the chain-of-title proof. 

 These gaps in the chain of title may be filled by proof on remand. Their existence
in the summary-judgment record, however, prevents Dyck-O'Neal from showing the absence of
genuine issues of material fact and entitlement to judgment as a matter of law. The trial court
erred by granting summary judgment on this record. We sustain point of error one.

 This ruling requires us to reverse the judgment and remand the cause for further
proceedings. Because this procedure might allow Franks to reurge his motion for leave to include
a third-party defendant and his counterclaim, any opinion we expressed would be advisory
regarding the trial-court's rulings denying his motion for leave to include the third party and
striking his third amended answer and counterclaim. We expressly do not address those issues
and will dismiss point of error two.

 The requested relief of the costs of preparing purportedly unnecessary parts of the
record is subsumed by the general assessment against the appellees of the costs of this appeal, both
here and in the trial court.




 We reverse the judgment and remand this cause for further proceedings.



 

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Powers*

Reversed and Remanded

Filed: January 14, 1999

Do Not Publish











* Before John E. Powers, Senior Justice, (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



roperty for trustee's sale, and sold the property for $91,000 to one of its officers. The
S&L then filed this suit for the deficiency.

 The only element Franks challenges is whether Dyck-O'Neal proved it owned or
held the note. Dyck-O'Neal's case hinges on the affidavit of its vice-president and custodian of
its records. He averred as follows:


On July 8, 1983, Gary C. Franks, ("Franks"), executed and delivered the Note in
the original principal amount of $180,000.00 payable to First Federal Savings &
Loan Association of New Braunfels ("First Federal"), as well as a deed of trust.