In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-561 CV


____________________



KATALINA SCOTT, Appellant



V.



ERIC TOLBERT, Appellee






On Appeal from the County Court of Jefferson County at Law No. 1


Jefferson County, Texas


Trial Cause No. 93520






MEMORANDUM OPINION


 This appeal is taken from a final summary judgment granted in favor of Eric Tolbert
against Katalina Scott. We affirm. 

 On November 30, 2001, Scott filed suit against Tolbert for personal injuries resulting
from a car accident occurring June 13, 2000. Citation was first served by publication on
February 11, 2003. (1) To toll the statute of limitations, a plaintiff must not only file suit within
the limitations period but exercise due diligence in procuring the issuance and service of
citation. See Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex. 1990). 

 On September 18, 2003, Tolbert moved for summary judgment asserting Scott's
claims were barred by the statute of limitations. The only summary judgment evidence
submitted by Tolbert, attached to his motion, were Scott's responses to interrogatories
wherein Scott objected to answering questions regarding due diligence. The record,
however, does not show Tolbert ever requested a hearing on Scott's objections. It is
established that if a party does not obtain a ruling on the other party's objections to discovery
requests, the party waives its right to the requested discovery. See Pace v. Jordan, 999
S.W.2d 615, 622 (Tex. App.--Houston [1st Dist.] 1999, pet. denied). Tolbert further
incorporates the pleadings and records on file with the Court and requests the Court to take
judicial notice of the evidence contained therein pursuant to Tex. R. Evid. 201. A hearing
on the motion for summary judgment was held on November 5, 2003. Scott filed a response
to the motion on October 31, 2003. The trial court granted summary judgment ". . . having
heard the Motion . . ." without other reference to any pleadings or evidence upon which it
based its decision. Tolbert argues the response, filed less than seven days before the hearing,
was untimely. See Tex. R. Civ. P. 166a(c). "Where, as here, a response to a motion for
summary judgment is filed late and the record does not reflect that the trial court granted
leave to file it, we must presume that the trial court did not consider the response, and we
may not consider it." Mello v. A.M.F., Inc., 7 S.W.3d 329, 332 (Tex. App.--Beaumont 1999,
pet. denied) (citing INA of Texas v. Bryant, 686 S.W.2d 614, 615 (Tex. 1985); Waddy v. City
of Houston, 834 S.W.2d 97, 101 (Tex. App.--Houston [1st Dist.] 1992, writ denied)). As no
timely response was filed, Scott may not assert for the first time on appeal that summary
judgment is precluded by the existence of issues of material fact. See Atchley v. NCNB Tex.
Nat'l Bank, 795 S.W.2d 336, 337 (Tex. App.--Beaumont 1990, writ denied). Issues not
expressly presented to the trial court by written motion, answer, or other response shall not
be considered on appeal as grounds for reversal. See Thibodeaux v. Spring Woods Bank, 757
S.W.2d 856, 858-59 (Tex. App.--Houston [14th Dist.] 1988, no writ). Scott's second issue,
claiming there are genuine issues of material fact concerning the exercise of due diligence,
is therefore overruled. 

 Scott's first issue alleges the trial court erred in granting the motion for summary
judgment and therefore, we consider only Tolbert's summary judgment proof. "A defendant
moving for summary judgment on the affirmative defense of limitations has the burden to
conclusively establish that defense." See Velsicol Chem. Corp. v. Winograd, 956 S.W.2d
529, 530 (Tex. 1997). The nonmovant has no burden to respond to a summary judgment
unless the movant conclusively establishes its cause of action or defense. See Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222-23 (Tex. 1999). In determining whether Tolbert
was entitled to judgment as a matter of law, we consider only that evidence in the record that
was before the trial court. See Tex. R. Civ. P. 166a(c). (2) Summary judgments, however, must
stand on their own merits. Accordingly, on appeal, the nonmovant need not have answered
or responded to the motion to contend that the movant's summary judgment proof is
insufficient as a matter of law to support summary judgment. See Rhone-Poulenc, Inc. 997
S.W.2d at 223. 

 While the record, as supplemented by this Court, shows that Appellant requested
service and paid for citation at the time of filing of the initial lawsuit, the record is void of
any evidence that such citation was ever issued. See Tex. R. App. P. 34.5(c). On October
14, 2002, Scott's attorney requested "re-issue of citation." His affidavit provides, "The
citation prepared for Katalina Scott vs. Eric Tolbert is in the possession of Private Process
Server hired by my office over 45 days ago to serve the Defendant with process. To date,
despite numerous oral (voice mail) and written requests for return of citation, it remains in
the possession of the Private Process Server and is presumed lost." On December 16, 2002,
Scott's attorney filed a Motion for Substitute Service and Affidavit of Due Diligence. The
affidavit recites, "Numerous attempts have been made to serve the citation prepared for
Katalina Scott vs. Eric Tolbert by two separate Private Process Servers. All attempts to serve
the Defendant with process have failed. All attempts to have the initial Process Sever [sic]
return the original citation have failed as well." Additionally, the affidavit of Charles Ryan,
a second process server, avers he attempted to serve Tolbert twice on October 24, 2002, once
on October 25, 2002, and again on October 29, 2002. The motion for substitute service
alleged Tolbert's present address was unknown and service of process had been
unsuccessful. The trial court granted the motion. 

 Scott's counsel then filed a request for service of citation by publication. The letter
states, "To date all attempts to serve [Tolbert] at this address have been unsuccessful." 
Attached to the motion was an affidavit by Scott's attorney in which he averred, "Due
diligence has been used in the attempts to serve the citation prepared for Katalina Scott vs
Eric Tolbert by Private Process Server hired by my office over 45 days ago. All attempts to
serve the Defendant with process have failed." Citation by publication was returned on
February 10, 2003 and was published on February 11, 18, 25, and March 4, 2003. 

 When a plaintiff files a petition within the limitations period but does not serve the
defendant until after the period expires, the filing of a lawsuit does not interrupt the running
of limitations. See Taylor v. Thompson, 4 S.W.3d 63, 66 (Tex. App--Houston [1st Dist.]
1999, writ denied). To effectively interrupt the statute of limitations, a plaintiff must file suit
within the limitations period and continuously exercise due diligence in procuring the
issuance and service of citation. To obtain summary judgment on the grounds that service
of process was not obtained within the limitations period, the movant must show, as a matter
of law, diligence was not exercised. See Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 891
(Tex. 1975). "The two controlling factors that decide due diligence are: (1) whether the
plaintiff acted as an ordinary prudent person would act under the same circumstances; and
(2) whether the plaintiff acted diligently up until the time the defendant was actually served." 
Hodge v. Smith, 856 S.W.2d 212, 215 (Tex. App.--Houston [1st Dist.] 1993, writ denied). 
As we noted in Witt v. Heaton, 10 S.W.3d 435, 438 (Tex. App.--Beaumont 2000, no pet.),
"[s]ummary judgment may be based on the lack of diligence if the delay is unexplained or
if the lapse of time in the plaintiff's failure to act conclusively negates diligence."

 While Appellant contends that citation was initially issued to a private process server
"[o]n or about December 18, 2001," nothing in the record before this court establishes the
fact that citation was ever initially issued by the district clerk or the date of any attempt(s)
to serve the defendant by the first private process server. The earliest citation in the record
issued by the district clerk is that dated October 15, 2002, which a second private process
server attempted to serve. The only explanation offered for the delay in procuring service
is that the citation was in the possession of a private process server. "It is the responsibility
of the one requesting service, not the process server, to see that service is properly
accomplished." Primate Const., Inc. v. Silver, 884 S.W.2d 151, 153 (Tex. 1994) (citing Tex.
R. Civ. P. 99(a)). See also Gonzalez v. Phoenix Frozen Foods, Inc., 884 S.W.2d 587, 590
(Tex. App.--Corpus Christi 1994, no writ). Scott did not seek re-issuance of citation until
October 14, 2002, which was four months after the limitations period ended. Further, Scott
did not move to substitute service until December 16, 2002, six weeks after the failed
attempts at service by the second process server. There is no valid explanation in the record
for these delays which occurred after limitations expired. We therefore agree with the trial
court there is no evidence of diligence for the ten months preceding Scott's request for
substituted service. We overrule appellant's first issue and affirm the trial court's judgment. 

 AFFIRMED.




 CHARLES KREGER

 Justice


Submitted on February 23, 2005

Opinion Delivered March 31, 2005



Before McKeithen, C.J., Gaultney, and Kreger, JJ.
1. A suit for personal injury is governed by the two-year limitations period as
provided by Tex. Civ. Prac. & Rem. Code Ann. §16.003(a) (Vernon 2002).
2. Appellant attached to his brief an affidavit which can not be considered by this Court
on appeal.