NO. 07-08-0164-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 6, 2009

_____

CROWN ASSET MANAGEMENT, LLC, APPELLANT

V.

WANDA J. CARTER, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. TWO OF TARRANT COUNTY;

NO. CC- 07-51714-2; HONORABLE JENNIFER RYMELL, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Crown Asset Management, LLC, appeals from entry of summary judgment in favor of Appellee, Wanda J. Carter, on its breach of contract claim. In support, Crown asserts the trial court erred in granting summary judgment in Carter's favor because disputed issues of material fact existed whether: (1) Crown's claim was foreclosed by the

applicable statute of limitations, and (2) whether Crown failed to mitigate its damages. We reverse and remand.

## Background

On April 9, 2007, Crown filed its original petition and subsequently amended its petition alleging that it was a successor by assignment from Union Acceptance, LLC, to Union's rights under a sales contract and security agreement executed by Carter in 1997 to purchase a 1994 Nissan automobile. Under the sales contract, Carter agreed to make 78 monthly payments of $398.58 beginning March 10, 1997, and ending September 10, 2003. Carter defaulted in the payment of that contract and Crown sought contract damages due to Carter's default.

In December 2007, Carter filed an amended motion for summary judgment asserting that any claim by Crown for payments due before April 9, 2003, was barred by the applicable four-year statute of limitations. Carter also asserted that, had Union mitigated its damages by repossessing the Nissan, the value of the car would have satisfied Carter's obligation. It her motion, Carter concluded by stating:

> Most of Plaintiff's claim is barred by the statute of limitations herein. The [remaining obligation] could have been satisfied by the value of the vehicle, had [Crown] decided to mitigate its damages. Having failed to do so, Crown . . . cannot now seek to collect for that failure.

Crown responded with an affidavit by Stephen P. Riexinger, Crown's Chief Legal Officer and a Managing Member. Riexinger's affidavit states that Carter's last payment was made on April 25, 2003. In support, Riexinger attached a computer print-out represented to be a "true and correct copy of the payment history" for Carter's loan. Carter did not controvert this payment history.

On February 13, 2008, the trial court granted Carter's motion for summary judgment. The order did not specify the grounds upon which the summary judgment was granted. This appeal followed.

I.      **Standard of Review**

For a party to prevail on a motion for summary judgment, that party must conclusively establish the absence of any genuine question of material fact and that he or she is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Browning v. Prostok,* 165 S.W.3d 336, 344 (Tex. 2005). To establish entitlement to judgment as a matter of law on an affirmative defense the defendant must establish all the elements of the affirmative defense as a matter of law. *Shaw v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979); *Barbouti v. Hearst Corp.,* 927 S.W.2d 37, 64 (Tex.App.–Houston [1st Dist.] 1996, writ denied).

3

When an order granting summary judgment does not specify or state the grounds relied on, the summary judgment will be affirmed on appeal if any of the grounds presented in the motion are meritorious. *Western Investments, Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex. 2005); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

## II.     Statute of Limitations

A lender must bring suit on a debt no later than four years after the cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(3) (Vernon 2002). A cause of action for breach of contract is generally regarded as accruing when the contract is breached or when the claimant has notice of facts sufficient to place him or her on notice of the breach. *Slusser v. Union Bankers Ins. Co.*, 72 S.W.3d 713, 717 (Tex.App.–Eastland 2002, no pet.). Moreover, an installment agreement is breached each time a payment is missed*. Id.; F.D. Stella Products Co. v. Scott,* 875 S.W.2d 462, 466 (Tex.App.–Austin 1994, no writ); *Hollander v. Capon*, 853 S.W.2d 723, 726 (Tex.App.–Houston [1st Dist.] 1993, writ denied). Thus, when a contract, such as Union's contract with Carter, calls for periodic payments, a cause of action for nonpayment accrues at the end of each period until the contract is complete. *Hoarel Sign Co. v. Dominion Equity Corp.*, 910 S.W.2d 140, 144 (Tex.App.–Amarillo 1995, writ denied); *Townewest Homeowners Ass'n, Inc. v. Warner Communication, Inc.,* 826 S.W.2d 638, 640 (Tex.App.–Houston [14th Dist.] 1992, no writ).

Crown's suit to recover on Carter's debt was filed on April 9, 2007. Crown's uncontroverted evidence establishes that Carter's last payment on Union's installment

4

contract was made on April 25, 2003, when there were still additional payments due Union. Therefore, absent evidence of acceleration of Carter's debt, Crown's claim against Carter was not barred in its entirety.

Thus, we find, as a matter of law, that, if Crown is able to establish that it is a successor to Union by assignment,[1] Crown has a right to pursue Union's claims for breach of contract for non-payment for four years prior to the filing of its suit, *i.e.,* the five payments owing on the installment contract due each month for May through September 2003. Crown's issue is sustained as to Carter's affirmative defense of limitations.

### III.    Mitigation of Damages

Carter's affidavit also indicates that, in April 2003, she contacted Union and "voluntarily relinquished the vehicle, as she was unable to continue to make the required payments." Even if Crown had a duty to mitigate, the burden of proving failure to mitigate is on Carter who must show the amount by which Crown's damages were increased by the failure to mitigate. *See Stucki v. Noble*, 963 S.W.2d 776, 781 (Tex.App.–San Antonio 1998, pet. denied); *Brown Supply Co. v. Rushing*, 361 S.W.2d 728, 730

---

[1]To obtain judgment on Union's sales agreement with Carter, Crown must prove that it is the note's holder or owner. *Priesmeyer v. Pacific Southwest Bank, F.S.B.*, 917 S.W.2d 937, 940 (Tex.App.–Austin 1996, no writ). That is, Crown must prove the transfer by which it acquired the note. *Id.* Although Carter raised issues regarding Crown's ownership of Union's contract in response to Riexinger's Affidavit through a separate filing, these issues are not before this Court. The trial court did not rule on Carter's objections prior to granting Carter's motion for summary judgment, and Carter did not seek summary judgment below on the issue of Crown's ownership of Carter's promissory obligation.

(Tex.Civ.App.–Amarillo 1962, no writ). Carter offered no proof of failure to mitigate, nor did she offer any evidence of how much Crown's damages increased by such failure.

Carter offered only a statement in her motion that "[e]ven today, the vehicle concerned, a 1994 Nissan Maxima has residual value that could have offset the entire amount of the remaining payments due under the contract after the application of the statute of limitations above." The party asserting an affirmative defense bears the burden of pleading and proving its elements. *Quantum Chemical Corp. v. Toennies,* 47 S.W.3d 473, 481 (Tex. 2001); *Compass Bank v. MFP Financial Services, Inc.,* 152 S.W.3d 844, 851 (Tex.App.–Dallas 2005, pet. denied). And, generally, pleadings are not competent evidence, even if sworn or verified. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997); *Laidlaw Waste Systems (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995); *Collier Services Corp. v. Salinas*, 812 S.W.2d 372, 377 (Tex.App.–Corpus Christi 1991, no writ).

Accordingly, Carter failed to meet her burden of proof on this issue and Crown's issue is sustained as to Carter's affirmative defense of mitigation.

## Conclusion

We reverse the judgment and remand the cause to the trial court for further proceedings.

Patrick A. Pirtle
Justice