Cleta LAWSON, d/b/a Odessa Marine Sales & Service, Appellant,

v.

FINANCE AMERICA PRIVATE BRANDS, INC., Appellee.

No. 6508.

Court of Civil Appeals of Texas, El Paso.

May 5, 1976.

Alexander, Lowe & Pratt, Bill Alexander, Benny J. Lowe, Odessa, for appellant.

George M. Kelton, Odessa, for appellee.

OPINION

WARD, Justice.

Finance America Private Brands, Inc. sued Cleta Lawson, D/B/A Odessa Marine Sales and Service, on her two promissory notes payable to the order of GAC Private Brands, Inc. Trial was to a jury which resolved factual issues regarding payments and offsets on the notes, and thereafter judgment was entered for the plaintiff for the balance due on the notes. Points on appeal concern deficiencies as to proof of the execution of the notes and proof as to owner and holder rights. We affirm.

Cleta Lawson, under the name of Odessa Marine Sales and Service, sold boats which she purchased from Pipestone Mariner Corporation. GAC Private Brands, Inc. financed the boats and equipment for Cleta Lawson. Each promissory note in dispute is payable on demand to the order of GAC Private Brands, Inc. and is executed by Odessa Marine Sales and Service as maker by Erwin E. Moore, Attorney in Fact. Introduced into evidence along with the promissory notes was an authorization for signature executed by Cleta Lawson and addressed to GAC Private Brands, Inc., which authorized any of its employees in connection with her financing to execute any necessary promissory notes. Appellant filed a sworn answer containing a general denial and plea that the claim was not just and true and that all just and lawful offsets had not been allowed.

By three points of error, the Appellant complains of the admitting into evidence of the two promissory notes for reasons that there was no showing that they had been executed by Erwin E. Moore pursuant to a valid power of attorney, no showing that the notes were executed by any agent of the payee and that there was no showing that the notes were the originals. The Appellant did not file a sworn pleading or affidavit denying the execution of either the promissory notes or the authorization for signature. Rule 93(h), Tex.R.Civ.P. In the absence of such a sworn plea, the instruments shall be received in evidence as fully proved. The notes and authorization

for signature were attached to the plaintiff's original petition as exhibits and were offered into evidence. It was not necessary that the plaintiff prove execution of the instruments, notes or authorization. *American Fiber Glass, Inc. v. General Electric Credit Corporation,* 529 S.W.2d 298 (Tex. Civ.App.—Fort Worth 1975, writ ref'd n.r. e.); 2 McDonald, Texas Civil Practice § 7.29.

■ In addition, there was ample evidence as to the execution of the notes. In response to interrogatories submitted under Rule 168, Tex.R.Civ.P., the Appellant admitted that Erwin E. Moore was authorized to execute the two promissory notes on her behalf, that she executed the authorization for signature, and that Mr. Moore was an employee of GAC Private Brands, Inc. The promissory notes introduced into evidence appear to have been executed by Mr. Moore and appear to be the originals. The points under discussion are all overruled.

By point of error number two, Appellant complains of the admission of the two notes for the reason that there was no showing that the Appellee was the present holder of the notes in question. The plaintiff, Finance America Private Brands, Inc., alleged that it was formerly GAC Private Brands, Inc., and that the two notes in question were executed and delivered to the plaintiff. As stated, the two notes introduced into evidence are payable to the order of GAC Private Brands, Inc. No endorsement appeared upon the notes and no assignment or transfer appears of record. There is no evidence as to how GAC Private Brands, Inc. became Finance America Private Brands, Inc.

■ Prior to the adoption of the Uniform Commercial Code, the mere possession by a plaintiff of notes payable to the order of a different payee, and which were not endorsed by the payee, was not sufficient to establish the prima facie title to the instruments. *Texas State Bank & Trust Co. v. St. John,* 103 S.W.2d 1104 (Tex.Civ.App.—El Paso 1937, err. dism'd); 12 Am.Jur.2d, Bills and Notes, § 1194 at 218. The last

authority points out that this is clearly the rule under the Uniform Commercial Code. Negotiation of commercial paper not payable to bearer takes effect only when the endorsement is made, and until that time there is no presumption that the transferee is the owner. The transferee, without endorsement of an order instrument, is not a holder and so is not aided by any presumption that he is entitled to recover on the instrument. He must account for his possession by proving the transaction through which he acquired the note. Tex.Bus. & Comm.Code Ann. § 3.201(c), Comment 8; 12 Am.Jur.2d, § 1197 at 224.

■ Contrary to its contention, the Appellee, even though in possession, was not a holder of the instruments. Tex.Bus. & Comm.Code Ann. § 1.201(20); 9 Tex.Jur.2d, § 150 at 159. It could not enforce payment in its own name under § 3.301 without proving its right to the instruments and accounting for the absence of the necessary endorsements. See Note 2 to § 3.307.

The necessary proof was not furnished by any constructive admission resulting from any failure to comply with Rule 93. None of the subdivisions apply to the allegations that the present plaintiff was formerly GAC Private Brands, Inc. It is proof as a holder of the instruments that is involved and not the capacity or defect of the party to bring this suit.

■ However, reversible error is not presented. After the plaintiff had rested, the defendant, upon direct examination by attorney, testified that GAC Private Brands, Inc. was the former name of the present plaintiff. This admission established the missing proof. The point is overruled.

The Appellee's cross assignments of error relate to certain payments and credits allowed on the notes and are before us only on condition of a reversal of the judgment. They are not reached.

The judgment of the trial Court is affirmed.