Joe M. JERNIGAN, Appellant,

v.

BANK ONE, TEXAS, N.A., Appellee.

No. B14–90–347–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 10, 1991.

Stephen E. Toomey, Daphne Levey, Houston, for appellant.

Joyce M. Palmer, Joe Klaus, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a summary judgment entered in favor of appellee on a promissory note. In five points of error, appellant contends that the trial court erred because the affidavit in support of summary judgment and the accompanying attachments were not competent summary judgment evidence and genuine issues of material fact existed as to whether appellee bank was a holder of the note, the reasonableness of attorneys' fees awarded appellee, and whether value was given for the note. Finding the evidence insufficient to support a summary judgment, we reverse and remand.

The record reflects that in January 1986 appellant executed a note and security agreement in the amount of $27,350.00, with MBank Houston, N.A. (MBank) listed as payee. The note contains the following undated indorsement signed by an assistant vice-president of MBank: "Pay to the order of Federal Reserve Bank of Dallas." In March 1989, the Comptroller of the Currency declared MBank insolvent and appointed the Federal Deposit Insurance Corporation (FDIC) as MBank's receiver. Thereafter, the United States District Court for the Southern District of Texas approved a sale of certain assets and liabilities by the FDIC to The Deposit Insurance Bridge Bank, N.A. which subsequently changed its name to Bank One, Texas, N.A. (Bank One). Bank One, appellee, filed suit on the note alleging default with an outstanding balance due of $25,814.20. The trial court entered summary judgment in favor of Bank One for the unpaid principal, interest, and attorneys' fees.

In his third point of error, appellant argues that the trial court erred in rendering summary judgment because appellee never proved it was the owner or holder of the note. Appellee contends that it need only show that it was the owner *or* holder of the note and the affidavit by appellee's vice-president established that appellee was entitled to enforce the note. We disagree.

■ Appellee, as the movant for summary judgment, must show that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. All evidence favorable to the nonmovant is taken as true and every reasonable inference will be indulged in favor of the nonmovant and all doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

■ An essential element of a cause of action on a promissory note is that the plaintiff be the owner or holder of the note at the time of the suit. A general denial is sufficient to raise that issue and places the burden on the plaintiff to prove its status. *Schindler v. AG Aero Distributors, Inc.*, 502 S.W.2d 581, 585 (Tex.Civ.App.—Corpus Christi 1973, no writ); TEX.R.CIV.P. 92. A holder is defined as "a person who is in possession of a document of title or an instrument or a certificated security drawn, issued, or indorsed to him or to his order or to bearer or in blank." TEX.BUS. & COM.

CODE ANN. § 1.201(20) (Vernon Supp.1991). The note at issue contains no bearer language and is not indorsed in blank.[1] Therefore, to prove it is a holder, appellee must show that it is in possession of a note that has been indorsed to it or its order.

■ Negotiation is the transfer of an instrument in such a manner that the transferee becomes a holder and, if the instrument is payable to order, negotiation is accomplished by delivery with any necessary indorsements. TEX.BUS. & COM.CODE ANN. § 3.202(a) (Vernon 1968). Negotiation of commercial paper takes place only when an indorsement is made and until then there is no presumption that the transferee is the owner. *Id.* § 3.201(c); *Lawson v. Finance America Private Brands, Inc.,* 537 S.W.2d 483, 485 (Tex.Civ.App.—El Paso 1976, no writ). The indorsement "must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become part thereof." TEX.BUS. & COM.CODE ANN. § 3.202(b) (Vernon 1968).

■ Under the record before us, we conclude that appellee has not shown it is a holder as a matter of law. The original note was negotiated to the Federal Reserve Bank via a special indorsement. *See id.* § 3.204(a). Assuming delivery of the note to the Federal Reserve, about which the record is silent, that bank became the holder of the note. An indorsement by the Federal Reserve was then necessary to complete the chain of indorsements to ap-

pellee. There is no evidence in the record of a subsequent negotiation back to MBank, to the FDIC, or to appellee. We also note that the summary judgment evidence does not establish that appellee is in possession of the original note.[2]

■ However, appellee contends that even if it does not have holder status, it is entitled to enforce the note because it is the owner the note. Texas case law implicitly recognizes a difference in the definitions of "holder" and "owner". *See e.g., Perkins v. Crittenden,* 462 S.W.2d 565, 568 (Tex.1970); *Taylor v. Fred Clark Felt Co.,* 567 S.W.2d 863, 866 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.). The Business and Commerce Code provides that a "holder of an instrument *whether or not he is the owner* may transfer or negotiate it and ... discharge it or enforce payment in his own name." TEX.BUS. & COM.CODE ANN. § 3.301 (Vernon 1968) (emphasis added). The Code also authorizes the owner of a lost, destroyed, or stolen instrument to maintain an action in his own name subject to due proof of ownership, the facts preventing production of the instrument, and the terms of the instrument. *Id.* § 3.804. Section 3.804 was added to the Uniform Commercial Code to provide a plaintiff claiming to be an owner a method of recovery when it cannot be proven that the plaintiff is a holder of the instrument because the requisite of possession is missing. *Id.* Official Comment.

---

1. The note in this case reads as follows: "To repay my loan, I promise to pay you a total of TWENTY–SEVEN THOUSAND THREE HUNDRED FIFTY & NO/100 DOLLARS, along with interest...." The term "you" is defined as MBank Houston, N.A. Because it is not payable to order or bearer, the note does not meet the requisites of a negotiable instrument. TEX.BUS. & COM.CODE ANN. § 3.104(a) (Vernon 1968); *Texas State Investors, Inc. v. Kent Electric Co., Inc.,* 620 S.W.2d 841, 843 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). However, the Code provides that Article 3 applies to any instrument whose terms do not preclude transfer and is otherwise negotiable except it is not payable to order or to bearer. TEX.BUS. & COM.CODE ANN. § 3.805 (Vernon 1968). The transferee of such an instrument is precluded from attaining holder in due course status. *Id.*

2. Appellee's vice-president, in his affidavit, stated: "I have in my custody or subject to my control the *complete records* of Bank One pertaining to the Note, a true and correct copy of which is attached to this Affidavit as Exhibit 'A' and is incorporated herein by reference as if repeated verbatim." (emphasis added.) The supreme court has held that a photocopy of a note attached to an affidavit constitutes a "sworn copy" within the meaning of Tex.R.Civ.P. 166a(e) and is proper summary judgment evidence. *Life Insurance Co. of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378, 380 (Tex.1978). However, the indorsement to the Federal Reserve in this case raises an issue of what entity has current possession of the note. Appellee has only sworn that it has possession of the records pertaining to the note and not the note itself.

Appellee contends that its ownership rights are established by the summary judgment evidence before the trial court: the affidavit of its vice-president and the Purchase and Assumption agreement between the FDIC and appellee's predecessor. We disagree.

The vice-president's affidavit states that the FDIC, as receiver of MBank, transferred substantially all of MBank's assets to Bridge Bank, appellee's predecessor. The affiant claims further that the transfer included the note and security agreement executed by appellant and that appellee "is now the lawful owner and holder of all the instruments which form the basis of this cause of action and is entitled to bring this suit on its own behalf against [appellant]." We recognize that such an affidavit with its accompanying sworn documents has been held sufficient to uphold a summary judgment on a promissory note. *See Christian v. University Federal Savings Association*, 792 S.W.2d 533, 534 (Tex.App. —Houston [1st Dist.] 1990, no writ). Here, however, appellee's summary judgment evidence is internally inconsistent. The affidavit claims ownership whereas the indorsement on the face of the note raises an inference that the Federal Reserve, and not appellee, is the owner. Nothing in the vice-president's affidavit accounts for a potential transfer to or from the Federal Reserve. Because of the presence of the unexplained indorsement and the possibility of an intermediate transfer, we hold appellee's bare allegation of ownership to be insufficient to establish ownership as a matter of law.

Neither does the Purchase and Assumption agreement explain the indorsement to the Federal Reserve. The agreement merely details the sale of MBank's assets and liabilities to appellee's predecessor. The note is not listed in the schedule of assets in the record which only lists assets under general headings such as "Loans". Appellee has not established that MBank owned this particular note at the time of its insolvency. If, in fact, the note was transferred to the Federal Reserve at the time it was indorsed, appellee has not shown any type of return transfer to MBank that would bring the note within the assets covered by the agreement. If the note was never transferred to the Federal Reserve and, instead, remained at MBank until receivership proceedings commenced, a genuine issue of material fact as to ownership still exists because of the unexplained special indorsement.

■ Promissory notes can be transferred lawfully without a written assignment or an indorsement by the legal owner or holder. *Waters v. Waters*, 498 S.W.2d 236, 241 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.); *see also Christian v. University Federal Savings Association*, 792 S.W.2d at 534. Absent an indorsement, however, possession must be accounted for by proving the transaction through which the note was acquired. Tex.Bus. & Com.Code Ann. § 3.201(c), Comment 8 (Vernon 1968); *Lawson v. Finance America Private Brands, Inc.*, 537 S.W.2d at 485. Appellee has presented no proof of any transfer that would vest in it ownership rights sufficient to enforce payment of the note. We hold that, under the facts before us, appellee has not established that it is the legal owner of the note as a matter of law. Finding a genuine issue of material fact concerning appellee's capacity to sue on the note, we cannot affirm the summary judgment. Appellant's third point of error is sustained.

In light of our holding, we do not address appellant's remaining points of error. The summary judgment is reversed and the cause is remanded to the trial court.