NORTHWESTERN NATIONAL
INSURANCE COMPANY

v.

Dr. Howard L. CROCKETT.

No. 09–92–178 CV.

Court of Appeals of Texas,
Beaumont.

June 17, 1993.

A. Scot Chase, Matthiesen & Associates, Houston, for appellant.

Glenda H. Kirsch, Dean R. Quinn, Shoss & Lawley, Houston, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

Northwestern National Insurance Company sued Dr. Howard L. Crockett for $73,500 due on two promissory notes. The trial court granted Crockett's motion for summary judgment challenging Northwestern's claim to holder in due course status, then severed Crockett's counterclaim to render a final judgment. Northwestern raises three points of error. Point of error one complains the grounds expressly presented to the trial court were insufficient to support summary judgment.

The notes were executed by Crockett and payable to Perimeter Security System Research and Development Program, a limited partnership. Northwestern's First Amended Petition alleges: "[Perimeter] has assigned and transferred to Plaintiff, for consideration, all right, title and interest in the promissory notes.... Plaintiff is a holder in due course."[1] Crockett's motion for summary judgment urged that Northwestern was not a holder because the notes were not negotiable and were never endorsed to Northwestern, and that Northwestern was not a holder in due course because the notes were not purchased for value, in good faith and without notice of defenses.

■■■ Crockett has the burden to establish his right to judgment as a matter of law. The defendant moving for summary judgment on his affirmative defense must prove conclusively all of the elements of the affirmative defense as a matter of law. *Montgomery v. Kennedy*, 669 S.W.2d 309 (Tex.1984). Otherwise, the non-movant has no burden in response. *Torres v. Western Casualty and Surety Co.*, 457 S.W.2d 50 (Tex.1970). The only grounds for asserting that Northwestern did not have a "holder" status was that the notes were not negotiable and were not endorsed to Northwestern. Crockett did not move for judgment on the grounds that Northwestern did not own the notes through unendorsed assignment or transfer, nor did Crockett establish that there was no genuine issue of material fact as to each element of one or more of his pleaded affirmative defenses to the notes, nor did he raise such defenses as grounds for summary judgment.

■■■ Negotiation of an instrument is a transfer of that instrument in such a way that the transferee becomes a holder. TEX. BUS. & COM.CODE ANN. § 3.302(a) (Vernon 1968); Holder status depends upon delivery plus proper indorsement. *Lawson v. Gibbs*, 591 S.W.2d 292 (Tex.Civ.App.— Houston [14th Dist.] 1979, writ ref'd n.r.e.). In the absence of an indorsement to the plaintiff, the plaintiff is not entitled to a presumption of ownership. TEX.BUS. & COM. CODE ANN. § 3.201(c) (Vernon 1968). The non-negotiable note is nevertheless susceptible of assignment. *Dillard v. NCNB Texas Nat. Bank*, 815 S.W.2d 356 (Tex. App.—Austin 1991, no writ), *overruled in part* by *Amerboy v. Societe de Banque Privee*, 831 S.W.2d 793 (Tex.1992); *see also First Nat'l Bank in Grand Prairie v. Lone Star Life Ins. Co.*, 524 S.W.2d 525 (Tex.Civ.App.—Dallas) (opinion on rehearing), *writ ref'd n.r.e.*, 529 S.W.2d 67 (Tex. 1975). A transferee without indorsement of an instrument, who seeks to recover upon the instrument, must account for its possession by proving the transaction through which it acquired the note. *Lawson v. Finance America Private Brands*, 537 S.W.2d 483 (Tex.Civ.App.—El Paso 1976, no writ); *see also, Carroll v. Kennon*, 734 S.W.2d 34 (Tex.App.—Waco 1987, no writ). The lack of a proper indorsement may defeat a summary judgment where the plaintiff is the movant. *See Jernigan v. Bank One, Texas, N.A.*, 803 S.W.2d 774 (Tex.App.—Houston [14th Dist.] 1991, no writ). Here, the plaintiff is the non-movant and Crockett's motion neither addresses nor negates the alleged assignment and transfer. Promissory notes may be assigned without a written assignment or an indorsement. *Id.* at 776.

■■■ The net effect is Northwestern would be subject to Crockett's defenses to the note. Those defenses, though pleaded, were not raised as grounds for summary judgment. Crockett's argument that he is entitled to summary judgment because Northwestern sued only as a holder in due course is not supported by the record.

---

1. On the day of the summary judgment hearing, Northwestern filed a response and an amended petition which clarified its allegation that it was the owner of the notes by virtue of transfer and assignment. The trial court struck the pleading and response as being untimely filed. *See Goswami v. Metropolitan Sav. & Loan*, 751 S.W.2d 487 (Tex.1988). The trial court's failure to grant leave to file the amended petition and the response to the motion for summary judgment is not raised as error on appeal. *See Lichte v. Government Employees Ins. Co.*, 825 S.W.2d 431 (Tex.1991). Therefore, the summary judgment was decided based upon the First Amended Petition, and without benefit of a response to the motion.

Northwestern's petition states it took title to the notes by assignment and transfer. That allegation is distinct from the further allegation that it is a holder in due course. Crockett's motion does not negate the cause of action alleged in Northwestern's suit. Point of error one is sustained. We do not address the remaining points of error. The judgment is reversed and this cause is remanded to the trial court.

REVERSED AND REMANDED.