IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00014-CV

 

Barbara KAY BLAKE Beard,

                                                                                    Appellant

 v.

 

Norwest Mortgage, Inc., Norwest 

Funding, Inc., Pat Beard, and 

Bramlet Frank Beard,

                                                                                    Appellees

 

 

 



From the 170th District Court

McLennan County, Texas

Trial Court No. 99-2017-4

 



MEMORANDUM  Opinion










 

Barbara Blake Beard (Barbara) appeals the granting
of a summary judgment and a take nothing judgment in favor of Pat Beard (Pat)
and Bramlet Beard (Bramlet) notwithstanding the jury’s verdict in Barbara’s
favor.  In three issues she complains the trial court erred 1) by granting
summary judgment that Pat was the holder of the note; 2) by finding that Pat
and Bramlet were entitled to a settlement credit; and 3) by granting judgment
notwithstanding the jury’s verdict.  Pat and Bramlet bring cross appeals for
alleged errors in the jury charge.  We will affirm.

            This dispute centers on the
foreclosure sale of the former marital residence of Barbara and Bramlet.  After
they filed for divorce in 1997, Bramlet left the marital home.  He continued to
make the mortgage and tax payments.  In the spring of 1999, Bramlet was in
danger of foreclosure on the mortgage so his father Pat purchased the note and
deed of trust from Norwest Mortgage.  Pat secured an assignment of the note
from both Norwest Mortgage and Norwest Funding, a related entity.  Pat then
pursued payment from Barbara.  She failed to make payments, and he began
foreclosure proceedings.  Barbara filed suit against the Beards and the Norwest
entities asking the court to determine the holder of the note, among other
claims.  Pat moved for summary judgment on the ground that he was the holder.  The
trial court originally denied Pat’s motion, but a subsequent motion on the same
ground was granted.  Pat then foreclosed on the house, selling it to Bramlet.  Barbara
subsequently settled all her claims against both Norwest entities for $50,000,
but went to trial on her fraud claim against Pat and Bramlet.  Prior to trial, Pat
and Bramlet elected to have a dollar-for-dollar credit of the settlement with
the Norwest entities.  The jury found that the Beards engaged in a conspiracy
to deprive Barbara of her rights as a co-tenant and awarded her $35,500 in
damages.  The Beards successfully moved the court for a take-nothing judgment
notwithstanding the jury’s findings.

            Barbara first complains of the trial
court granting a partial summary judgment in favor of Pat finding as a matter
of law he is the owner or holder of the note in question.  She claims there is
a factual dispute as to whether Norwest Funding, Norwest Mortgage, or Pat was
the owner or holder of the note.

We conduct a de novo review of a summary judgment. 
 Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661, (Tex. 2005).  To prevail on summary judgment motion, the movant must demonstrate that there
are no genuine issues of material fact and that it is entitled to judgment as a
matter of law.  See Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d
842, 846 (Tex. 2005).  We take as true all competent evidence favorable to the
nonmovant and indulge every reasonable inference and resolve any doubts in the
nonmovant's favor.  Id.  To be entitled to enforcement of the note, Pat
must prove that he is the owner or holder of the note.  SMS Fin., LLC
v. ABCO Homes, Inc., 167 F.3d 235, 238 (5th Cir. 1999) (emphasis added).

The Uniform Commercial Code (UCC) distinguishes
between owner and holder.  Id.  A person becomes the holder of an
instrument if it is issued to that person or by negotiation.  Tex. Bus. & Com. Code Ann. § 3.201 cmt.
1 (Vernon 2002); see also Leavings v. Mills, 175 S.W.3d 301, 309
(Tex. App.—Houston [1st Dist.] 2004, no pet.).  Where a note is payable to an
identified party, negotiation requires both an indorsement from the prior
holder and possession.  Tex. Bus. &
Com. Code Ann. § 3.201(b).  Thus, to be a holder, Pat must prove the
chain of title through successive transfers of both possession and indorsement
to him.  Leavings 175 S.W.3d at 310.  The note on Bramlet’s and Barbara’s
house was originally held by Norwest Mortgage but was indorsed to Norwest
Funding.  “When specially indorsed, an instrument becomes payable to the
identified person and may be negotiated only by the indorsement of that
person.”  Tex. Bus. & Com. Code
Ann. § 3.205 (Vernon 2002)
(emphasis added).  Norwest Mortgage subsequently indorsed the note to Pat;
however there was a gap in the chain of title because of the prior indorsement
to Norwest Funding.

Pat argues that possession of the note by the
former holder gives rise to a presumption the purported transfer is
incomplete.  However, under the UCC, where a former holder reacquires
possession of a note without an indorsement, that party is only a transferee
unless the reacquiring party cancels all indorsements made prior to reacquiring
the note.  Tex. Bus. & Com. Code
§ 3.207 cmt. 1 (Vernon 2002) (if the reacquisition is not the result of
negotiation the former holder can obtain holder status only by striking the
former holder’s indorsement).  The note on its face shows that Norwest Mortgage
did not strike its prior indorsement to Norwest Funding.  Because Pat cannot
prove a chain of negotiation, he is not the holder of the note.  See Leaving,
175 S.W.3d at 301; Jernigan v. Bank One, Tex., N.A., 803 S.W.2d 774,
776-77 (Tex. App.—Houston [14th Dist.] 1991, no writ).

Nonetheless, Pat is still entitled to enforcement
of the note upon proof that he is the owner.  SMS Fin., LLC, 167 F.3d at
238-39.  An owner of the note is entitled to enforce the note by foreclosure
and deficiency judgment.  Tex. Bus.
& Com. Code Ann. § 3.301 cmt. 1 (Vernon 2002); see also Waters v.
Waters, 498 S.W.2d 236, 242 (Tex. Civ. App.—Tyler 1973, writ ref’d
n.r.e.).  Ownership of a note may be transferred by possession, even if it is
not indorsed by the transferee.  The transferee then acquires the rights
of the transferor, but he does not become the holder.  Tex. Bus. & Com. Code Ann. § 3.201.  Pat had physical
possession of the note coupled with an assignment from both Norwest Mortgage
and Norwest Funding.  Therefore, he was a transferee who has received all the
rights of each transferor.  Tex. Bus.
& Com. Code Ann. § 3.203 (Vernon 2002).  As a transferee he was the
owner of the note and entitled to enforcement.  See Tex. Bus. & Com. Code Ann. § 3.301;
see also Leavings, 175 S.W.3d at 309.

Barbara relies on deposition testimony that
computer records showed a third related Norwest entity, Norwest Bank, to be the
owner of the note and showed that Norwest Funding had no interest in the note.  However,
a negotiable instrument is transferred by possession and/or indorsement.  See
Tex. Bus. & Com. Code Ann. §§
3.201-203.  This testimony regarding a party’s belief as to its holder or
transferee status does not raise a fact question.  The trial court did not err
in granting summary judgment that Pat is the owner of the note.  We overrule Barbara’s
first issue.

            Next, Barbara contends the trial court
erred by offsetting the jury’s verdict by the amount of her settlement with the
Norwest entities.  According to Barbara, the settlement is for violations of
the federal Real Estate Settlement Procedures Act (RESPA), and these damages were
separate from those caused by Pat and Bramlet.  She contends that RESPA
encompasses the entire field of law with regard to her claims and therefore,
state laws changing the allocation of liability should not be applied.

In support Barbara points to a Texas Supreme Court
case holding that the UCC covered the entire law for a statutory conversion
claim, and proportionate responsibility statutes should not apply.  Sw. Bank
v. Information Support Concepts, Inc., 149 S.W.3d 104, 111 (Tex. 2003).  In that case, the plaintiff brought only a UCC claim.  Here, in addition to
RESPA claims, Barbara alleged tort and contract claims.  Assuming RESPA creates
a complete scheme for proving liability and damages, the settlement credit law
would still apply to those additional state-law claims.  Further, Southwest
Bank did not discuss settlement credits.  See id.

            A non-settling defendant is entitled only
to an offset of those amounts of the settlement representing common damages
caused by all defendants.  Crown Life Ins. Co. v. Casteel, 22 S.W.3d
378, 391-92 (Tex. 2000).  Once the defendant has proven the amount of the
settlement, the plaintiff must provide a settlement agreement allocating
damages.  Goose Creek Consol. Indep. Sch. Dist. v. Jarrar’s Plumbing,
Inc., 74 S.W.3d 486, 501 (Tex. App.—Texarkana 2002, pet. denied); see
also Casteel, 22 S.W.3d at 392.  Pat and Bramlet proved the
amount of the settlement, but Barbara could prove no allocation of the money.  Pat
and Bramlet are entitled to a credit for the entire settlement amount.  Goose Creek, 74 S.W.3d at 501.  We overrule the second issue.

            Because of our disposition of this
issue we need not address the remaining issues raised by Barbara or the cross
points argued by Pat and Bramlet.  We affirm the judgment. 

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray joins only the discussion of the second issue and finds any further
discussion unnecessary and concurs in the judgment without a separate opinion.)

Affirmed

Opinion delivered and
filed July 18, 2007

[CV06]