Opinion issued June 10, 2010

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-01062-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



CLIFTON CALBERT, Appellant

 

V.

 

ASSOCIATES ASSET MANAGEMENT, LLC, Appellee

 

 



On Appeal from County Court at Law No. 2

Fort Bend County, Texas

Trial Court Cause No. 09-CCV-039015

 

 



MEMORANDUM OPINION

          Appellant,
Clifton Calbert, challenges the trial court’s rendition of summary judgment in
favor of appellee, Associates Asset Management, LLC (“Associates”), in Associates’
suit against Calbert for defaulting on a promissory note.  In three issues, Calbert contends that there is
no evidence that Associates was the owner of the note and the trial court erred
in admitting the promissory note into evidence and denying his cross-motion for
summary judgment.

We affirm.

Background 

          Associates
filed suit to collect on a promissory note executed by Calbert in favor of
Sterling Capital Mortgage Company (“Sterling”) and secured by a deed of trust
on the property identified in the note.  Associates
alleged that Calbert defaulted on the note, did not comply with Associates’ written
demand for payment, and owed to Associates $22,591.96 plus interest from June
1, 2005.  

Calbert answered, generally denying Associates’
allegations and pleading the affirmative defenses of laches, failure to “take
adequate action to protect [Associates’] interests,” limitations, waiver,
estoppel, “patent and latent ambiguity as to the ownership of the property in
question,” ratification, failure to give Calbert “proper setoffs” for payments
made, and failure of consideration. 
Calbert attached to his answer his affidavit ratifying the affirmative
defenses and affirming that the statements and facts alleged are “true and
correct to my personal knowledge.”

Associates subsequently filed its
summary judgment motion.  Associates
attached to its motion a copy of the promissory note and the affidavit of
Michele Neal, who testified that she had “personal knowledge of the facts”
averred; she was “responsible for the collection” of Calbert’s account; Associates
was the “owner and holder” of the promissory note; Calbert had executed the
promissory note on or about May 22, 2002 in favor of Sterling, defaulted on the
note, and owed Associates $22,591.96 plus interest; and a “true and correct copy
of the Note [was] attached.”  On the face
of the note appeared the following endorsement:

Pay to the order of

Associates Asset
Management, LLC 

without recourse

Sterling Capital
Mortgage Company

By:              /s/

Name:         Kathy
Thorp

Title:           Asst.
Vice President

 

In his response to Associates’
summary judgment motion, Calbert objected to Neal’s affidavit as “hearsay” on
the ground that she did not “have personal knowledge of the manner in which the
records were prepared.”  Calbert also asserted
that Associates had “[provided no] evidence of how [it] came to be the owner to
the Promissory note.”  Calbert attached
to his response his affidavit in which he testified that he had “never borrowed
money from [Associates], [had] no contractual relationship with them, and [did]
not know who they [were].”

Along with his response to Associates’
summary judgment motion, Calbert filed a cross-motion for no-evidence summary
judgment.  He asserted that Associates
had “no evidence to prove standing to sue for this debt” and had refused to
respond to discovery requests for “documents evidencing any kind of assignment
from [Sterling] to [Associates].” 
Calbert provided notice that the hearing on his motion was set nineteen
days after he had filed it.

In its response, Associates objected
to the lack of 21-days notice[1] of
the hearing, requested that the trial court continue the hearing until such
time as Associates had received proper notice, and asserted that it had standing
on the ground that the promissory note had been “assigned to Associates by
Sterling, as evidenced by the endorsement on the face of the note.”

After a hearing on Associates’
summary judgment motion, but not Calbert’s, the trial court entered judgment
granting Associates’ motion and awarding it $22,591.96 plus interest against
Calbert.

Standard of Review

To prevail on a summary judgment
motion, a movant has the burden of proving that it is entitled to judgment as a
matter of law and that there is no genuine issue of material fact.  Tex. R.
Civ. P. 166a(c); Cathey v. Booth,
900 S.W.2d 339, 341 (Tex. 1995).  When a
plaintiff moves for summary judgment on its claim, it must establish its right
to summary judgment by conclusively proving all the elements of its cause of
action as a matter of law.  Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d
217, 223 (Tex. 1999); Anglo-Dutch
Petroleum Int’l, Inc. v. Haskell, 193 S.W.3d 87, 95 (Tex. App.—Houston [1st
Dist.] 2006, pet. denied).  A defendant
moving for a no-evidence summary judgment must allege that there is no evidence
of an essential element of the non-movant’s cause of action.  Tex. R.
Civ. P. 166a(i); Fort Worth
Osteopathic Hosp., Inc. v. Reese, 148 S.W.3d 94, 99 (Tex. 2004).  The non-movant must then produce “more than a
scintilla of evidence” to create a genuine issue of material fact on the
challenged elements.  Ford Motor Co. v. Ridgway, 135 S.W.3d
598, 600 (Tex. 2004).  When deciding
whether there is a disputed, material fact issue precluding summary judgment,
evidence favorable to the non-movant will be taken as true.  Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985).  Every reasonable inference must be indulged in
favor of the non-movant and any doubts must be resolved in its favor.  Id.
at 549.

Ownership of the Note

In his first issue, Calbert argues
that the trial court erred in granting Associates’ summary judgment motion
because Associates had no “standing to bring suit” in that it provided “no
proof as to how [it] became the owner” of the note.  Calbert asserts that the statement in Neal’s
affidavit that “on or about May 22, 2002, [Calbert] executed a promissory note
in favor of [Sterling], [Associates’] predecessor in interest” is conclusory
and does not explain how Associates obtained the note from Sterling.

To establish its entitlement to
summary judgment on the note Associates was required to conclusively prove (1)
the existence of the note; (2) Calbert signed the note; (3) Associates is the
owner or holder of the note; and (4) a certain balance is due and owing on the
note.  Clark v. Dedina, 658 S.W.2d 293, 295 (Tex. App.—Houston [1st Dist.]
1983, writ dism’d).  In the absence of controverting
summary judgment evidence, a photocopy of a note, attached to an affidavit, in
which the affiant swears that the photocopy is a true and correct copy of the
original note, is sufficient to prove the existence of the note.  Id.
at 296.  Thus, the introduction into
evidence of the note is prima facie evidence for the holder where the maker has
not denied under oath the execution of the note.  Id.  If the affidavit is made by the holder of the
note, it is also sufficient to prove the status of owner and holder of a
note.  Ecurie Cerveza Racing Team, Inc. v. Tex. Commerce Se., 633 S.W.2d
574, 575 (Tex. App.—Houston [14th Dist.] 1982, no writ).  Moreover, the transfer of
possession of a promissory note with the necessary endorsement is negotiation
of the note such that the transferee becomes the holder of the note.  Tex.
Bus. & Com. Code Ann. §§ 3.201, 3.203 (Vernon 2002); Jernigan v. Bank One, Tex., N.A., 803
S.W.2d 774, 776 (Tex. App.—Houston. [14th Dist.] 1991, no writ).  Here, Calbert attacks the third prong,
asserting that Associates produced no summary judgment evidence of its status
as owner of the note.  

Associates based its summary judgment
motion on Neal’s affidavit, which was based on her “personal knowledge” as the
“custodian” of Associates’ records and the person “responsible for the
collection” of the note.  Neal testified
that “a true and correct copy of the note,” taken “from the records of [Associates],”
was attached and Associates was the “owner and holder” of the note.  Additionally, the face of the note bears
Sterling’s endorsement of the note to Associates.  These averments and Associates’ possession of
the note with the endorsement from Sterling conclusively establish that Associates
is the holder of the note.  See Clark, 658 S.W.2d at 296; Jernigan, 803 S.W.2d at 776.  To raise a fact issue on Associates’ status as
the holder, Calbert produced only his affidavit in which he testified that he
“[had] never borrowed money from [Associates].”  This evidence does not controvert Sterling’s endorsement
of the note to Associates.  Additionally,
Calbert did not, as required by Texas Rule of Civil Procedure 93(8), deny in a
verified pleading the genuineness of Sterling’s endorsement.  Accordingly, we hold that the evidence is
sufficient to establish as a matter of law that Associates is the owner of the
note.  See Tex. R. Civ. P. 93(8)
(in absence of sworn denial of genuineness of endorsement, endorsement “shall
be held as fully proved”).

We overrule Calbert’s first issue.

Evidence of the Note

In his second issue, Calbert argues
that the trial court erred in considering the note as summary judgment evidence
because Neal’s affidavit contained hearsay and her testimony was conclusory.  He asserts that Associates was not a party to
the original transaction between Calbert and Sterling, Neal could not testify
from personal knowledge “how [Sterling] kept their records,” and, thus, she could
not satisfy the requirements of the business records exception to the hearsay
rule.  See Tex. R. Evid.
803(6).  

We review the decision of the trial
court to admit or exclude summary judgment evidence for an abuse of
discretion.  Miller v. Raytheon Aircraft Co., 229 S.W.3d 358, 365 (Tex. App.—Houston
[1st Dist.] 2007, no pet.).  In the trial
court, Calbert objected to Neal’s affidavit on the ground that it contained
hearsay and did not meet the business records exception.  However, he failed to secure a written ruling
on his objection; thus, he has waived review of this issue.  See
Clarendon Nat’l Ins. Co. v. Thompson, 199 S.W.3d 482, 490 n.7 (Tex. App.—Houston
[1st Dist.] 2006, no pet.) (objection that summary judgment affidavit contains
hearsay is objection to form requiring written ruling for appellate review,
while objection to conclusory statement is objection to substance that may be
raised for first time on appeal).  

Calbert also objected that Neal’s
testimony that “[Sterling is] [Associates’] predecessor in interest in the
principal sum of $23,000.00” was conclusory because Associates did not “provide
evidence as to how [Associates] came to be the owner of the promissory note.”  For the note to be admissible into evidence,
Neal was not required to swear as to how the note was made by Calbert or
negotiated to Associates.  See Clark,
658 S.W.2d at 295–96.  Neal, as the
person responsible for collecting the note held by Associates, need only have
sworn, as she did, that the photocopy of the note was a “true and correct copy”
of the original note.  See id.  This constituted a sworn copy within the
meaning of Texas Rule of Civil Procedure 166a(f) and, absent contrary evidence,
was sufficient proof of the note.  Zarges v. Bevan, 652 S.W.2d 368, 369 (Tex.
1983).  Calbert produced no controverting
summary judgment evidence or any verified pleading denying that he had executed
the note.  See Tex. R. Civ. P.
93(7).  Accordingly, we hold that the
trial court did not err in considering the note as summary judgment evidence.

We overrule Calbert’s second issue.

Denial of Calbert’s Cross-Motion for Summary Judgment

In his third issue, Calbert argues
that the trial court erred in denying his no-evidence summary judgment motion because
Associates produced no evidence that it had standing to sue, i.e., that it was
the holder of the note.

Associates objected to the lack of
21-days notice of the hearing on Calbert’s no-evidence summary judgment motion.  Evidently sustaining Associates’ objection, the
trial court, in its judgment, indicated that it had “heard plaintiff’s motion”
and granted Associates’ motion, but it did not deny Calbert’s motion.  Calbert does not complain that the trial
court did not hear his motion.  Moreover,
Calbert’s motion is a mere restatement of his first issue.  For the reasons noted above, Associates
proved as a matter of law that it was the holder of note.  Accordingly, we hold that the trial court did
not err in not hearing Calbert’s no-evidence summary judgment motion.

We overrule Calbert’s third issue.

Conclusion

          We
affirm the judgment of the trial court.

 

 

 

                                                                             Terry
Jennings

                                                                             Justice

 

Panel consists of Justices Jennings, Alcala,
and Massengale.











[1]           See
Tex. R. Civ. P. 166a(c).