02-11-287-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

 

NO. 02-11-00287-CV

 

 


 
 
 Geoffrey Anson Wilner
  
 v.
  
 Deutsche Bank National Trust Company as Trustee for Argent
 Securities Inc. Asset-Backed Pass-Through Certificates, Series 2006-W4, and
 American Home Mortgage Servicing, Inc.
 
 
 §
  
  
 §
  
  
 §
  
  
 §
 
 
 From the 342nd District Court
  
  
 of Tarrant County (342-248678-10)
  
  
 December 21, 2012
  
  
 Per Curiam
 
 


 

JUDGMENT

 

          This court has considered the record
on appeal in this case and holds that there was no error in the trial court’s
judgment.  It is ordered that the judgment of the trial court is affirmed. 

          It is further ordered that appellant
Geoffrey Anson Wilner shall pay all costs of this appeal, for which let
execution issue.

 

SECOND DISTRICT COURT OF APPEALS


 

 

PER CURIAM

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 




 

 

 

NO. 02-11-00287-CV

 

 


 
 
 GEOFFREY ANSON WILNER
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR ARGENT
 SECURITIES INC. ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-W4, AND
 AMERICAN HOME MORTGAGE SERVICING, INC. 
 
 
  
 
 
 APPELLEES
 
 


 

                                                                                                                             

------------

 

FROM THE
342ND DISTRICT COURT OF TARRANT COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

In the two issues in his opening brief, Appellant
Geoffrey Anson Wilner appeals the trial court’s summary judgment for Appellees
Deutsche Bank National Trust Company as Trustee for Argent Securities Inc.
Asset-Backed Pass-Through Certificates, Series 2006-W4, and American Home
Mortgage Servicing, Inc. (AHMSI), arguing that summary judgment was improper
because the appellees (collectively, Deutsche Bank) cannot show as a matter of
law the right to enforce a note or the validity of the note’s assignment.[2]

A.  Standard of Review

We review a summary judgment de novo.  Travelers
Ins. Co. v. Joachim, 315 S.W.3d 860, 862 (Tex. 2010).  We consider the
evidence presented in the light most favorable to the nonmovant, crediting
evidence favorable to the nonmovant if reasonable jurors could, and
disregarding evidence contrary to the nonmovant unless reasonable jurors could
not.  Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289
S.W.3d 844, 848 (Tex. 2009).  We indulge every reasonable inference and resolve
any doubts in the nonmovant’s favor.  20801, Inc. v. Parker, 249 S.W.3d
392, 399 (Tex. 2008).  A defendant who conclusively negates at least one
essential element of a cause of action is entitled to summary judgment on that
claim.  Frost Nat’l Bank v. Fernandez, 315 S.W.3d 494, 508 (Tex. 2010), cert.
denied, 131 S. Ct 1017 (2011), see Tex. R. Civ. P. 166a(b), (c).

B.  Trial Court Proceedings

In his October 2010 pro se original petition to quiet
title, Wilner sought to have an assignment of his debt obligation on a home
equity loan removed from the county real property records.  He admitted in his
original petition and during at least one of the three hearings that followed
Deutsche Bank’s motion for summary judgment that he was not challenging the
original deed of trust on the home equity loan that he had taken out with
Argent Mortgage Loan, LLC.  However, Wilner also claimed in his original
petition that Deutsche Bank was not a holder in due course and challenged the
validity of his signature on the note, and during the summary judgment hearing
and subsequent hearings, he orally complained that the note was not authentic. 
Wilner included several copies of the note signed on March 17, 2006, within his
thirty-five exhibits (totaling over 500 pages) attached to his original
petition; he incorporated by reference only three of the exhibits:  Exhibits C,
J, and O.[3]

Deutsche Bank filed a motion for traditional and
no-evidence summary judgment in April 2011 but abandoned the no-evidence
portion at the summary judgment hearing.  In the traditional portion of its
motion, Deutsche Bank argued that the summary judgment evidence showed as a
matter of law that it was entitled to enforce the subject note and deed of
trust because it had physical possession of the note along with the right to
enforce it.  Specifically, Deutsche Bank claimed that “physical possession of
the original, wet ink Note, indorsed in blank, and the right to enforce it,
were transferred to Deutsche Bank, as Trustee, who duly appointed AHMSI as its
servicing agent,” and that Deutsche Bank was therefore entitled to enforce the
note and deed of trust under business and commerce code sections 3.201, 3.203,
3.204, and 3.301, regardless of any written assignments.

In support of its motion, Deutsche Bank incorporated
by reference Wilner’s original petition, thereby incorporating Wilner’s
Exhibits C, J, and O.  Deutsche Bank also incorporated by reference its
original answer and attached as summary judgment evidence the affidavit of
David J. Merrill, AHMSI’s assistant secretary, as well as attaching the same
March 17, 2006 note for $70,500 that Wilner had attached to his original
petition and incorporated by reference, except this copy also contained the
following language:  “PAY TO THE ORDER OF ________ WITHOUT RECOURSE ARGENT
MORTGAGE COMPANY LLC,” signed by the president and chief financial officer of
Argent Mortgage Company.  Deutsche Bank also attached a copy of the same home
equity security instrument attached to Wilner’s original petition.

In his affidavit, Merrill stated that Argent Mortgage
Company, LLC indorsed the note in blank and transferred physical possession of
the note and the right to enforce it to Argent Securities, Inc., who then
transferred physical possession of the note and the right to enforce it to
Deutsche Bank under the April 1, 2006 pooling and servicing agreement.  He also
traced the convoluted path of assignments and transfers of authority from the
time that the mortgage and deed of trust were recorded in March 2006 to Deutsche
Bank’s ultimate possession of it by the time Wilner filed his quiet title
action and attached supporting documents.

Wilner responded to Deutsche Bank’s motion by filing a
document entitled, “Affidavit in Opposition to Defendants Deutsche Bank
National Trust Company as Trustee for Argent Securities Inc. Asset-Backed
Pass-Through Certificates, Series 2006-W4 And American Home Mortgage Servicing
Inc.’s Motion for Traditional Summary Judgment.”

In his affidavit, Wilner claimed that he had never
made any mortgage payments to Deutsche Bank and had never received any
correspondence or other communications from Deutsche Bank.  He stated that
Deutsche Bank and AHMSI had no interest in his homestead, complained that
discovery had not yet been completed, and contended that there were “numerous
issues of material fact that need to be explored and developed and proved at
trial.”  Wilner did not challenge the validity of the note, the note’s
indorsement in blank, or the deed of trust attached to Deutsche Bank’s motion.[4]

At the May 13, 2011 summary judgment hearing, Deutsche
Bank produced what it claimed was the “original wet ink note . . . endorsed in
blank,” making it the note’s holder.  The trial court initially stated that
having not heard or seen any contradictory evidence with regard to Deutsche
Bank’s actual possession of the note, the assignment issue appeared to be moot.
 Wilner was represented for the first time in the case by counsel, who argued
that he had not seen the note and had not had a chance to inspect the original
to examine its authenticity.  However, Wilner’s counsel did not respond when
the trial court then asked, “Where in the response to the motion for summary
judgment is there any objection or any question or issue raised with regard to
the authenticity of the note that is made a part of the motion for summary
judgment?”  The trial court signed the order granting Deutsche Bank’s
traditional motion for summary judgment, and Wilner subsequently terminated his
counsel’s representation and resumed representing himself pro se, filing a
motion for rehearing with regard to the summary judgment and arguing that he
had new evidence.[5]

During the June 2, 2011 hearing, the trial court
reiterated that the entire summary judgment “hinges on whether or not [Deutsche
Bank is], in fact, in possession of the note,” and pointed out that nothing in
Wilner’s response to Deutsche Bank raised an issue as to the note’s
authenticity, noting that what it had before it was “a sworn affidavit proving
up possession of the original note that [Wilner] did not contest when [he] had
a reasonable opportunity to do so.”  The trial court observed that the notes
attached in Wilner’s various exhibits and the note produced by Deutsche Bank
were the same, “with the sole exception of the [i]ndorsement on the note that
they’ve submitted as summary judgment evidence, which is immaterial to the
issue of whether it’s the original or not.”

After the trial court’s June 2, 2011 hearing on
Wilner’s motion for rehearing, Deutsche Bank filed a motion for entry of final
judgment combined with an alternative motion to sever the remaining defendants
to make the summary judgment final.  After Wilner abandoned his claims against
the remaining defendants at the August 19, 2011 hearing, the trial court
ordered them dismissed.  In the order denying Wilner’s motion for rehearing,
the trial court expressly stated:

The Court having considered said Motion,
Defendants’ response thereto, the argument of counsel and Plaintiff, and
certain evidence as reflected by the Court’s evidentiary rulings during said
hearings, including the “wet ink” note produced at the Court’s request by counsel
for Defendants to demonstrate their actual possession, is of the opinion that
said Motion should be, and is hereby DENIED; it is, therefore,

ORDERED, ADJUDGED and DECREED that
Plaintiff’s Motion for Rehearing is hereby DENIED in its entirety; it is further

ORDERED, ADJUDGED and DECREED that any and
all objections, exceptions and/or motions urged by Plaintiff in support of his
Motion for Rehearing are hereby OVERRULED and/or DENIED; it is further

ORDERED, ADJUDGED and DECREED that the
parties shall bear their own costs of court; it is finally

ORDERED, ADJUDGED and DECREED that any
relief not expressly granted herein, or therein by the Order Granting Defendants’
Motion for Traditional Summary Judgment . . . is hereby DENIED, and that this
Order Denying Plaintiff’s Motion for Rehearing and the Order Granting
Defendants’ Motion for Traditional Summary Judgment . . . are intended by the
Court to be final and appealable.

The trial court also ruled on Wilner’s objections to
alleged errors in the transcripts of the hearings on July 2, 2011, July 22,
2011, and August 19, 2011, and attached those transcripts as exhibits to its
order.

C.  Analysis

A cloud on title exists when a claimant shows an
outstanding claim or encumbrance, which on its face, if valid, would affect or
impair the title of the property’s owner.  Gordon v. W. Houston Trees, Ltd.,
352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.).  To prevail in
a suit to quiet title, the plaintiff must show that he has a right of ownership
and that the adverse claimant has an invalid claim to the property.  Id.

In the traditional portion of its summary judgment
motion, Deutsche Bank argued that the summary judgment evidence showed as a
matter of law that it was entitled to enforce the subject note and deed of
trust because it had physical possession of the “original, wet ink Note,
indorsed in blank,” i.e., that its claim to the subject property was not
invalid.  Therefore, to defeat Deutsche Bank’s motion, Wilner had the burden to
respond to the motion in writing and to show that a genuine issue of material
fact existed with regard to the note’s validity or with regard to the indorsement
in blank.  See Tex. R. Civ. P. 166a(c) (stating that issues not
expressly presented to the trial court by written motion, answer, or other
response “shall not be considered on appeal as grounds for reversal”).  He did
neither.

Further, even though Wilner argues in his opening
brief that despite the note’s appearance of a bearer instrument, the indorsement
is an anomalous indorsement because the various other copies that he attached
to various filings did not contain the indorsement, all of those copies have an
accompanying page authenticating them as having been filed in the Tarrant
County Real Property records on March 23, 2006 at 4:00 p.m.  They do not give
rise to a genuine issue of material fact with regard to Deutsche Bank’s
authority to enforce the note against Wilner; rather, they merely demonstrate
that the indorsement in blank on the note itself by Argent Mortgage Company,
LLC occurred at some point after March 23, 2006.

And although Wilner argues that there is a genuine
issue of material fact about when Argent Mortgage Company, LLC made the
indorsement in blank, based on the record before us, we can conclude that the indorsement
in blank occurred sometime after the documents had been filed for record on
March 23, 2006, and that Deutsche Bank acquired possession of the note indorsed
in blank before it moved for summary judgment; Wilner has directed us to no
authority that requires us to conclude otherwise.[6] 
Wilner’s assertions that the assignments and copies of the note that Deutsche
Bank included in its earlier rule 736 expedited foreclosure applications tend
to establish a fraudulent date for the indorsement in blank, without more,
constitute less than a scintilla of evidence.  See Hornbuckle v. Countrywide
Home Loans, Inc., No. 02-09-00330-CV, 2011 WL 1901975, at *4 (Tex.
App.—Fort Worth May 19, 2011, no pet.) (mem. op.) (noting, when evidence showed
that although transfer occurred in 2004 and actual assignment was not recorded
until 2006, that “Appellant has not provided any authority showing how this
later recording affected the validity of the assignment.”).

Wilner made many accusations in his original petition
and during the hearings, but nothing he has raised or produced shows a genuine
issue of material fact with regard to the note’s validity or the validity of
the indorsement in blank, despite the opportunities that the trial court gave
him to do so.  See Tex. R. Civ. P. 166a(c); see also Tex. Bus.
& Com. Code Ann. § 1.201(b)(21)(A) (West 2009) (defining a “holder” as “the
person in possession of a negotiable instrument that is payable either to
bearer or to an identified person that is the person in possession”),
§ 3.205(b) (explaining that when indorsed in blank, an instrument becomes
payable to bearer and may be negotiated by transfer of possession alone until
specially indorsed).  Therefore, we overrule Wilner’s first issue and need not
reach his second regarding the assignment.  See Tex. R. App. P. 47.1.

Having overruled Wilner’s dispositive issue, we affirm
the trial court’s judgment.

 

                                                                             PER
CURIAM

 

 

PANEL:  MCCOY, WALKER, and MEIER, JJ.

 

DELIVERED:  December 21, 2012

 









[1]See
Tex. R. App. P. 47.4.





[2]Wilner
began this appeal represented by counsel, but he terminated counsel’s
representation after counsel filed his opening brief, and then he filed a pro
se reply brief.  In his pro se reply brief, Wilner raises two new issues,
arguing that the affidavit sponsoring Deutsche Bank’s note was not competent
summary judgment evidence and that he was denied due process when the trial
court granted summary judgment while discovery remained outstanding.  We will
not consider these new issues.  See Tex. R. App. P. 38.3; Wells Fargo
Bank, N.A. v. Blackburn, No. 02-10-00166-CV, 2011 WL 346951, at *8 (Tex.
App.—Fort Worth Feb. 3, 2011, no pet.) (mem. op.) (stating that issues raised
for the first time in a reply brief are not preserved for appeal); City of
The Colony v. N. Tex. Mun. Water Dist., 272 S.W.3d 699, 754 n.16 (Tex. App.—Fort
Worth 2008, pet. dism’d) (same); see also Branch v. Fannie Mae, No.
02-11-00355-CV, 2012 WL 3030525, at *1 (Tex. App.—Fort Worth July 26, 2012, no
pet.) (mem. op.) (stating that pro se parties are treated the same as licensed
attorneys to ensure fairness in the treatment of all litigants); City of
Arlington v. Centerfolds, Inc., 232 S.W.3d 238, 250 (Tex. App.—Fort Worth
2007, pet. denied) (stating that due process requires notice and an opportunity
to be heard at a meaningful time and in a meaningful manner); cf. Whiteside
v. Ford Motor Credit Co., 220 S.W.3d 191, 194–95 (Tex. App.—Dallas 2007, no
pet.) (concluding that appellant’s due process rights were satisfied in summary
judgment proceeding as long as he received a reasonable opportunity to present
his written response and evidence).

Further, even if Wilner had raised his evidentiary
complaint in his opening brief, he did not object to the affidavit before or
during the summary judgment hearing, and although he refers us to the portion
of the hearing on his motion for rehearing in which he claims that he objected
that the affidavit amounted to incompetent hearsay evidence, his actual
objection was that the note was presented “with just an affidavit and the
affiant not being present for questioning, it’s just hearsay.”  See Tex.
R. App. P. 33.1; cf. Tex. R. Civ. P. 166a(c), (f).  Wilner does not
appeal the denial of his motion for reconsideration.





[3]Exhibit
C contained a title search report by ProTitleUSA.com, which showed in summary
that Wilner had signed a mortgage for $70,500 with Argent Mortgage Company, LLC
on March 17, 2006, and that an assignment to Deutsche Bank National Trust
Company was recorded on February 19, 2009.  It also included a copy of the
seventeen-page March 17, 2006 “Texas Home Equity Security Instrument (First
Lien)” between Argent Mortgage Company, LLC and Wilner and a copy of a page
from the Tarrant County Courthouse Real Property records reflecting that it had
been recorded on March 23, 2006 at 4:00 p.m.; a copy of the “Texas Home Equity
Affidavit and Agreement” by Wilner and a copy of a page from the Tarrant County
Courthouse Real Property records reflecting that it had been recorded on March
23, 2006 at 4:00 p.m.; a copy of a “Limited Power of Attorney” in which Argent
Mortgage Company, LLC appointed Citi Residential Lending Inc. as its
attorney-in-fact to service the loan, signed on September 29, 2007, and a copy
of a page from the Tarrant County Courthouse Real Property records reflecting
that it had been recorded on October 22, 2007; and a copy of a “Corporate
Assignment of Deed of Trust,” from Citi Residential Lending, Inc. as
attorney-in-fact for Argent Mortgage Company, LLC, assigning the deed of trust
and note to Deutsche Bank as trustee for Argent Securities Inc. Asset-Backed
Pass-Through Certificates, Series 2006-W4, under the Pooling and Servicing
Agreement dated April 1, 2006, with an effective date of February 11, 2009, a
signing date of February 13, 2009, and a filing stamp of February 19, 2009, at
12:18 p.m.  The “Corporate Assignment of Deed of Trust” was signed by Bryan Bly
as vice-president of Citi Residential Lending Inc.  The same “Corporate
Assignment of Deed of Trust” comprised Wilner’s Exhibit O.

Exhibit J included copies of online articles about Bly
and the Florida foreclosure process; copies of assignments of mortgages and
corporate assignments of deeds of trust on properties in other states signed by
Bly as vice-president of either Citi Residential Lending, Inc. or other
financial institutions, or signed by others listed as vice-presidents of
financial institutions and notarized by Bly; and copies of some Florida
statutes.  Cf. Tex. R. Civ. P. 59.





[4]To
his affidavit, Wilner attached a copy of a January 25, 2010 order from the 96th
District Court of Tarrant County denying Deutsche Bank’s application for order
of foreclosure under rule of civil procedure 736 and a copy of the transcript
from the January 21, 2010 hearing in that court on Deutsche Bank’s application
for order of foreclosure, in which Wilner had represented himself pro se and
during which Wilner admitted that he had not made a mortgage payment since
December 2008 but said that if he “knew who to pay properly,” he would be
paying on the note and argued that he did not have an agreement with Deutsche
Bank and that Deutsche Bank did not have the rights to the loan or the rights
to collect.  We note that the deed of trust includes the following pertinent
language in section 19, which covers sale of note and change of loan servicer,
among other things:

The Note or a
partial interest in the Note (together with this Security Instrument) can be
sold one or more times without prior notice to Borrower.  A sale might
result in a change in the entity (known as the “Loan Servicer”) that collects
Periodic Payments due under the Note and this Security Instrument and performs
other mortgage loan servicing obligations under the Note, this Security
Instrument, and Applicable Law.  There also might be one or more changes of the
Loan Servicer unrelated to a sale of the Note.  If there is a change of the
Loan Servicer, Borrower will be given written notice of the change which will
state the name and address of the new Loan Servicer, the address to which
payments should be made and any other information RESPA requires in connection
with a notice of transfer of servicing.

 

[Emphasis added.]  Wilner has
not complained that he was not given written notice of whom to pay.





[5]With
regard to the new evidence, Wilner complained that a second notice of
assignment was filed April 6, 2010, and that this document was also invalid,
although he did not amend his original petition to reflect this complaint and
he did not explain how an April 6, 2010 notice of assignment was “new” evidence
in light of the May 13, 2011 hearing.





[6]Wilner
refers us to FFP Marketing Co. v. Long Lane Master Trust IV, 169 S.W.3d
402 (Tex. App.—Fort Worth 2005, no pet.), and Jernigan v. Bank One, Tex.,
N.A., 803 S.W.2d 774 (Tex. App.—Houston [14th Dist.] 1991, no writ), to
support his argument that Deutsche Bank had to account for how and when it came
into possession of the note, but both are distinguishable.  In Jernigan,
the copy of the note at issue showed a special indorsement to a party other
than Bank One and nothing in the summary judgment evidence established that
Bank One was in possession of the original note.  803 S.W.2d at 776–77; see
also Tex. Bus. & Com. Code Ann. § 3.205(a)–(b) (West 2002) (explaining
the difference between special and blank indorsements).  And in FFP
Marketing, the note at issue was non-negotiable; neither party here has
argued that the note does not fall under the business and commerce code.  Cf.
169 S.W.3d at 409.